926 P.2d 213

**NORTHERN FRONTIERS, INC., dba The Atrium, City of Coeur d'Alene, County of Kootenai, State of Idaho, Plaintiff–Appellant,**

v.

**The STATE of Idaho, ex rel., Richard L. CADE, Director, Department of Law Enforcement of the State of Idaho, Defendant–Respondent.**

No. 22056.

Court of Appeals of Idaho.

Aug. 28, 1996.

Rehearing Denied Oct. 3, 1996.

Petition for Review Denied Nov. 26, 1996.

438

David A. Frazier, Coeur d'Alene, for appellant.

Alan G. Lance, Attorney General; W. Corey Cartwright, Deputy Attorney General, argued, Boise, for respondent.

PERRY, Judge.

Northern Frontiers, Inc., appeals from an order of the district court affirming the decision of the Director of the Department of Law Enforcement revoking Northern's liquor license. We affirm.

## I.

### FACTS AND PROCEDURE

On October 22, 1991, Northern, doing business as the Atrium, a bar located in Coeur d'Alene, presented a male dance group known as the Dream Warriors. Attending the performance were two agents of the department, who reported conduct of a sexually suggestive nature. Such conduct was alleged to have violated the terms of Northern's liquor license as defined in Idaho Code Section 23–1010A. As a result of the agents' reports, the department notified Northern of

the violations, including permitting the dancers to wear g-strings [1] exposing the cleft of buttocks, permitting simulated acts of sexual intercourse to be performed as part of the performance, and allowing the patrons to touch or fondle the genitals of the male dancers.

An administrative hearing was held in May 1992, where testimony was provided by one of the agents and various witnesses called by Northern. Thereafter, the hearing officer prepared findings of fact and conclusions of law. The hearing officer concluded that the facts as found did not establish a violation regarding the alleged exposure of the cleft of buttocks, the performance of any act which simulated sexual intercourse or the touching, caressing or fondling of the dancers' genitals. The recommendation of the hearing officer was that the liquor license not be revoked.

Following a review of the record made before the hearing officer, the Director of the Department of Law Enforcement adopted the findings of the hearing officer with but one exception, and the director made several additional findings. The director, however, rejected the conclusions of the hearing officer, holding that six violations had taken place, any one of which required a revocation of the liquor license under I.C. § 23–1010A. On August 6, 1993, the director issued his order revoking Northern's liquor license for violations which occurred during the performance of the Dream Warriors.

Northern requested judicial review of the director's revocation order pursuant to I.C. § 23–1038 and the Idaho Administrative Procedures Act (APA), I.C. §§ 67–5201 to –5292. The district court, in its appellate capacity, upheld the director's order. On appeal to this Court, Northern asserts that the director's decision was not reached in conformity with the standards and procedures prescribed by the APA and should, therefore, be reversed.

## II.

### STANDARD OF REVIEW

We have recently reiterated the standard of review to be applied to agency findings:

1. G-string ... a breech cloth consisting usually of a strip of cloth passed between the legs and

supported by a waist cord. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1993).

In a subsequent appeal from the district court's decision where the district court was acting in its appellate capacity in a review under the APA, the Court of Appeals reviews the agency record independently of the district court's decision. *First Interstate Bank of Idaho, N.A. v. West,* 107 Idaho 851, 693 P.2d 1053 (1984); *Salinas v. Canyon County,* 117 Idaho 218, 786 P.2d 611 (Ct.App.1990); *Madsen v. State, Dep't. of Health & Welfare,* 114 Idaho 182, n. 3, 755 P.2d 479, n. 3 (Ct.App. 1988). We will defer to the agency's findings of fact unless those findings are clearly erroneous. *Salinas,* 117 Idaho at 221, 786 P.2d at 614. As to the weight of the evidence, neither the district court nor this Court on appeal may substitute its judgment for that of the agency. *Id.*; I.C. § 67–5215(g).

*Woodfield v. Board of Professional Discipline,* 127 Idaho 738, 905 P.2d 1047 (Ct.App. 1995). The Court shall affirm the agency action unless the Court finds that the agency's findings or conclusions are in violation of the constitution or statutes, in excess of statutory authority granted to the agency, made upon unlawful procedure, unsupported by the record, or are deemed arbitrary, capricious or an abuse of discretion. I.C. § 67–5279.[2]

## III.

### ANALYSIS

**A.  Challenges to I.C. § 23–1010A**

■ Northern challenges I.C. § 23–1010A with regard to the quantum of proof required to revoke the license of any person found to have committed any of the acts proscribed by the statute. Northern argues that revocation "upon sufficient proof to the director" is a subjective standard which cannot be reviewed. Northern argues that, as a result, it has been deprived of its constitutional due process right to meaningful judicial review. Northern also argues that the statute's alleged unreviewability effectively confers judicial power upon the administrative agency, which constitutes a violation of Article V, Section 2 of the Idaho Constitution.

■ In instituting proceedings to revoke Northern's license for violation of the terms of the license, the department acted pursuant to statutory authority found in I.C. § 23–1010A. As the proponent of an order seeking sanctions against a private party, the department was obligated to present a prima facie case supporting its allegations that Northern had violated the terms of the license. The guidelines upon which the department's actions rely authorize revocation "upon sufficient proof to the director" that one or more prohibited acts had been committed by the holder of the license. This standard of proof is akin to the preponderance of the evidence standard generally applied in administrative hearings. *See* 2 AM. JUR.2d *Administrative Law* § 363 (1994) (Absent an allegation of fraud or a statute or court rule requiring a higher standard, administrative hearings are governed by a preponderance of the evidence standard.). *See also Steadman v. SEC,* 450 U.S. 91, 101 S.Ct. 999, 67 L.Ed.2d 69 (1981), *reh'g denied,* 451 U.S. 933, 101 S.Ct. 2008, 68 L.Ed.2d 318 (1981); *Walker v. Board of Pardons,* 803 P.2d 1241 (Utah 1990) (board's findings disclosed sufficient evidence from which it could have found that Walker committed the offenses).

In Idaho, it has been held that unless judicial review is provided from the decision of an administrative body to a court of law, due process has not been satisfied. *Graves v. Cogswell,* 97 Idaho 716, 717, 552 P.2d 224, 225 (1976). In the case of liquor license revocations, Idaho Code Section 23–1038 directs that the department follow the provisions of the APA, within which are contained the standards governing the right to review and the scope of review applicable to agency action. The statutory scheme of the APA contemplates judicial review of a revocation order issued by an agency by requiring that the order resulting from a hearing be in writing and contain a reasoned statement of the underlying facts in the record supporting the decision. I.C. §§ 67–5248, –5279(3).

---

**2.**  I.C. § 67–5279 was added by ch. 263, § 51, 1992 Idaho Sess.Laws, replacing I.C. § 67–5215, which was repealed by ch. 263, § 52, 1992 Idaho Sess.Laws.

Having determined that a violation must be proved by a preponderance of the evidence, a well-recognized standard of proof, we are unpersuaded by Northern's argument that I.C. § 23–1010A is unconstitutional. The application of the statute did not deprive Northern of its due process right to have the agency decision-making reviewed by a court. Because Northern is entitled to judicial review under the APA, Northern cannot successfully claim that the statute confers judicial power to the legislatively created agency in contravention of the state constitution.[3]

## B. Challenge to Director's Findings of Fact

■ Northern next claims that the director's findings and conclusions were not accompanied by a concise and explicit statement of the underlying facts supporting the findings. Northern takes particular exception to the director's finding that the cleft of the buttocks had been exposed in violation of the law, contending that the hearing officer discounted the testimony of the only witness against Northern. Framing the issue in terms of the credibility of the department's witness, Northern argues that the director failed to make the required cogent explanation of his reasons for overriding the hearing officer's impressions.

Northern recognizes in its brief that the hearing officer's decision is only a proposal, which may be rejected. Under I.C. § 67–5244, the head of the agency shall exercise all the decision-making power on review of the recommended decision that he or she would have had if the agency head had presided over the hearing. The hearing officer's decision being only advisory, then, the director is free to affirm the decision or to reverse, reject or alter the findings of the hearing officer and make his own determination.

The ultimate question is whether the director's order is supported by findings of fact which are based exclusively on the evidence in the record and on matters officially noticed in that proceeding. I.C. § 67–5248.

■ Although the director may disagree with the recommended decision, the hearing officer's findings are entitled to weight.

The Examiner's decision is part of the record, and the record must be considered as a whole in order to see whether the result is supported by substantial evidence. The agency's departures are vulnerable only if they fail to reflect attentive consideration to the Examiner's decision. Yet in the last analysis it is the agency's function, not the Examiner's, to make the findings of fact and select the ultimate decision, and where there is substantial evidence supporting each result, it is the agency's choice that governs.

*Greater Boston Television Corp. v. FCC*, 444 F.2d 841, 853 (1970), *cert. denied*, 403 U.S. 923, 91 S.Ct. 2233, 29 L.Ed.2d 701 (1971).

The director in the instant case adopted the hearing officer's findings, with one exception, and made additional findings derived from the record. The director rejected that part of the hearing officer's finding that Michelle Yeend, the department's witness, had testified that she did not see any cleft of the buttocks. Based upon a transcript of Yeend's testimony, the director found that the g-strings of the dancers disappeared into the crease of the buttocks, exposing the cleft of the buttocks to view. Thereafter, the director concluded that, by allowing the male dancers to expose to view the cleft of the buttocks, Northern had violated I.C. § 23–1010A.

3. In a case predating the adoption of the Idaho APA, the Idaho Supreme Court discussed the division of powers delineated in Article II, Section 1 of the Idaho Constitution and the activities thereby authorized within the context of the Idaho Dredge Mining Protection Act. The Court held that there can be created by legislation a board with authority: to issue licenses regulating certain pursuits or occupations; to investigate and determine if the permittee is violating any rule or statutory provision pertaining to the regu-

lation of such business; and to revoke a permit for such violations. *State v. Finch*, 79 Idaho 275, 280, 315 P.2d 529, 531 (1957). However, these actions must be reviewable by courts of law, inasmuch as they affect property rights. *Id.*

The state constitution, and later the APA, guard against arbitrary and irrational decision-making. *See* Michael S. Gilmore & Dale D. Goble, *The Idaho Administrative Procedure Act: A Primer for the Practitioner*, 30 ID.L.REV., 276, 337, n. 353 (1993–1994).

It is sufficiently clear from the record that rejection of the hearing officer's finding resulted when the director determined that the hearing officer's finding was not supported by the witness' testimony. The director's finding to the contrary did not involve the resolution of conflicts in the evidence or any evaluation of Yeend's credibility. The testimony regarding Yeend's observation is contained in the record, from which the director could find that Yeend did in fact see the cleft of the male dancers' buttocks. Therefore, we conclude that the director acted within the mandates of the APA and provided findings necessary to support his conclusion.

## C. Substantial Evidence to Support Director's Conclusions

■ Northern argues for a reversal of the director's conclusions that Northern violated I.C. § 23–1010A(a)(1) by allowing the dancers to expose to view the cleft of the buttocks and by permitting the patrons to lick the nipples of the dancers. Northern contends that these conclusions are not supported by substantial evidence.

■ "For the purpose of determining grounds for liquor license revocation, 'cleft of buttock' is limited to the exposition of a substantial portion of the entire cleft." *State ex rel. Richardson v. Pierandozzi*, 117 Idaho 1, 6, 784 P.2d 331, 336 (1989). In her testimony, Yeend indicated that the dancers wore a g-string, the waistband of which tapered at the back to a point approximately three-fourths of an inch wide; except for the diamond or triangle shape where the strap was attached to the waistband, the strap itself was pulled into the crease of the buttocks to where it would disappear. The director relied on this testimony and discounted the testimony of Debbie Howell, Northern's employee, who asserted that the narrow strip of fabric at the back of the g-string was visible at all times. From Yeend's description of how the g-string disappeared into the crease of the buttocks, the director logically inferred that the extent of exposure of the cleft met the standard set forth in the statute. The director again relied on Yeend's testimony to conclude that Northern violated I.C. § 23–1010A by permitting patrons to lick the nipples of the dancers, even though Yeend alone testified to having seen several patrons lick off what appeared to be whipped cream from the dancers' nipples.

From our review of the record as a whole, we conclude that there is substantial competent evidence to support the director's conclusion holding Northern in violation of the statute for allowing the dancers to expose the cleft of the buttocks and allowing patrons to lick the nipples of the dancers. Accordingly, we affirm the order of the district court upholding the director's decision to revoke Northern's liquor license. Because the commission of any one act proscribed in the statute mandates revocation of the license, we need not address Northern's remaining arguments relating to other violations found by the director.

Costs to respondent. No attorney fees were requested.

WALTERS, C.J., and LANSING, J., concur.