22 P.3d 105

**STAFF OF THE IDAHO REAL ESTATE COMMISSION, Petitioner–Respondent,**

v.

**Russett A. NORDLING, Defendant–Appellant.**

No. 26155.

Supreme Court of Idaho,
Boise, January 2001 Term.

March 29, 2001.

Dillion, Bosch, Daw & Bock, Chtd., Boise, for appellant. Leslie M. Bock, argued.

Hon. Alan G. Lance, Attorney General; Naylor & Hales, Boise, for respondent. Roger J. Hales, argued.

TROUT, Chief Justice.

This is an appeal from an order of the Idaho Real Estate Commission (Commission) suspending Russett A. Nordling's (Nordling) real estate license for fourteen days, fining her $3,000, and ordering her to pay the costs and attorney's fees incurred by the Commission in prosecuting the action of up to $55,000.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

Nordling is a licensed real estate salesperson for McLeod Realty, Inc. in Boise. On July 19, 1997, Nordling entered into an Exclusive Seller Representation Agreement with Louise Schultz (Seller) for a mobile home owned by Seller located at Owyhee Estates Mobile Home Park (Owyhee Estates). A few days after entering into the agreement, Seller gave Nordling a copy of a letter dated May 1, 1997, from Steven Cady, the owner of Owyhee Estates. The letter, addressed to residents of Owyhee Estates stated, "Please also remember that at least one person living in the home must be at least 55 years old."

As a result of the letter, Nordling spoke with residents of Owyhee Estates, an attorney for Idaho Legal Aid, the executive director of the Idaho Fair Housing Counsel, and her broker. During her investigation Nordling discovered Owyhee Estates did not meet the requirements under the federal Fair Housing Act (FHA) for qualifying as a 55 and older area, complaints had been filed by tenants with the Idaho Fair Housing Council, and two qualified applicants to live in Owyhee Estates had been rejected because they did not meet the 55 or older rule (Invalid Rule). Nordling was also told by Richard Mabbutt, executive director of the Idaho Fair Housing Council, and Jeannine Ferguson, an attorney from Idaho Legal Aid, not to put anything in print about the Invalid Rule because to do so would violate the FHA.

Nordling did not disclose the existence of the Invalid Rule in the listing of the property submitted to the Southwestern Idaho Regional Multiple Listing Service or in the informational flyer she prepared.

Nordling contacted Julie Huff, a licensed real estate agent associated with Jensen Real Estate. Huff had a client, Kristine K. White (Buyer), who was interested in purchasing the property. After several offers and counter offers, the parties entered into a purchase and sale agreement. As part of the agreement, Seller was to undertake certain repairs and Buyer was to be responsible for any cost of the repairs over $700. Work on the repairs began on September 2, 1997. Through a series of telephone conversations occurring on September 4, 1997, Huff and Buyer were informed by Nordling of the Invalid Rule and were urged to falsify Buyer's application to Owyhee Estates by stating that Buyer's mother would be moving in with her. Buyer refused to falsify her application. On September 15, 1997, Buyer was informed that Owyhee Estates had rejected her application because no one listed on the application was age 55 or older. Jensen Real Estate then refunded Buyer her earnest money.

Seller then sued Buyer, Huff, and Jensen Real Estate in small claims court for the value of the repairs. Seller prevailed in small claims court and the defendants appealed. The magistrate judge reversed the

judgment as to Buyer and Huff, but since Steve Jensen did not appeal, the judgment against him was upheld.

As a result of this transaction, Buyer filed a complaint against Nordling with the Commission. The Commission then filed its own complaint against Nordling. A hearing on the complaint was held on December 14 and 15, 1998. At the hearing, Nordling argued that the FHA prohibited her from disclosing the Invalid Rule. The hearing officer, Bruce L. Thomas, found that a preponderance of the evidence supported grounds for disciplining Nordling under I.C. §§ 54–2064 (1997 Supp.) *amended and redesignated at* I.C. § 54–2086 (2000), 54–2040A(a) and (i) (1997 Supp.) *repealed by* S.L.2000, ch. 285, § 1, and Rule 408 of the Commission. In response to a motion for reconsideration submitted by Nordling, the hearing officer revised his findings to state that the Commission had proved by clear and convincing evidence Nordling's conduct was fraudulent.

Nordling then asked the Commission to reverse the Hearing Officer's decision. The Commission, upon considering the matter on the record, issued a final order adopting the hearing officer's decision, as modified, in its entirety.

Nordling appealed to the District Court, which affirmed the final order in its entirety. This appeal followed.

## II.

### STANDARD OF REVIEW

■ On appeal, this Court reviews an agency's decision independently of the district court's appellate decision. *Price v. Payette County Board of County Comm'rs,* 131 Idaho 426, 429, 958 P.2d 583, 586 (1998); *Von Jones v. Board of County Comm'rs, Cassia County,* 129 Idaho 683, 686, 931 P.2d 1201, 1204 (1997); *McCoy v. State, Dept. of Health & Welfare,* 127 Idaho 792, 793, 907 P.2d 110, 111 (1995). The agency's factual determinations are binding upon this Court, even where there is conflicting evidence, so long as the determinations are supported by substantial competent evidence in the record. *Price,* 131 Idaho at 426, 958 P.2d at 586 (citing *Castaneda v. Brighton Corp.,* 130 Ida-

ho 923, 926, 950 P.2d 1262, 1265 (1998)). The Commission's disciplinary decisions may only be overturned where substantial rights of the appellant have been prejudiced and where its findings: (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. *Id.;* I.C. § 67–5279(3) and (4).

## III.

### DISCUSSION

**A. The Federal Fair Housing Act, 42 U.S.C. § 3601 *et seq.,* did not prevent Nordling from disclosing the Invalid Rule**

■ It is undisputed the Invalid Rule violated the FHA and the FHA prohibited Nordling from advertising or representing that the property was available only to individuals 55 or over. Nordling, however, argues the FHA prevented her from even disclosing that the owner of Owyhee Estates was attempting to enforce the Invalid Rule. Nordling points to two particular provisions of the FHA, 42 U.S.C. § 3604(c) and (d), in support of her contention.

42 U.S.C. § 3604(c) makes it unlawful

[t]o make, print or publish, cause to be made, printed or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling that indicates any preference or limitation, or discrimination based on ... familial status ... or an intention to make any such preference, limitation, or discrimination.

Nordling also relies upon 42 U.S.C. § 3604(d) which makes it illegal "[t]o represent to any person because of ... familial status ... that any dwelling is not available for inspection, sale, or rental when such dwelling is in fact so available."

Contrary to Nordling's position, these provisions do not establish a blanket prohibition against disclosure of the Invalid Rule. Rather, a plain reading of these provisions indicates they prohibit certain discriminatory

acts, not simply a disclosure that someone is attempting such discrimination.

Nordling also argues that disclosing the facts surrounding Steven Cady's illegal attempts to enforce the Invalid Rule would result in a discriminatory effect, thus creating liability. In support of her contention, Nordling points to Buyer's comment that she would not have entered into a purchase and sale agreement had she had known of the Invalid Rule. Nevertheless, the FHA prohibits the discriminatory acts, not truthfully disclosing that someone else is attempting, wrongfully, to discriminate.

**B. The hearing officer's consideration of an unpublished opinion is not error.**

Nordling contends it was error for the hearing officer to consider an unpublished opinion from another jurisdiction in determining the FHA did not prohibit disclosing the facts surrounding the Invalid Rule. Nordling cites no authority for the proposition that the hearing officer's consideration of an unpublished opinion constitutes error. In fact, precedent from this Court is to the contrary. When this Court had cause to consider unpublished opinions from other jurisdictions because an appellant discussed the cases in his petition, we found the presentation of the unpublished opinions as "quite appropriat[e]". *Bourgeois v. Murphy*, 119 Idaho 611, 617, 809 P.2d 472, 478 (1991). Likewise, we find the hearing officer's consideration of the unpublished opinion, not as binding precedent but as an example, was appropriate.

**C. The Commission did not err in determining that Nordling violated Idaho Code §§ 54–2064, 54–2040A(a) and (i), and Rule 408 of the Commission.**

The crux of the Commission's decision is Nordling's duty to disclose the facts surrounding the Invalid Rule under I.C. § 54–2064(1). All of the Commissions other claims are dependent upon this duty. Commission Rule 408 requires in relevant part, "sales associates must comply with all disclosure requirements required by the Idaho Real Estate Brokerage Representation Act." IDAPA 33.01.01, Subsection 408. If Nor-

dling were under no duty to disclose pursuant to I.C. § 54–2064(1), then Rule 408 was not violated. In addition, if Nordling had no duty to disclose the Invalid Rule, then the failure to disclose would not constitute fraud under I.C. § 54–2040A(a) or dishonest dealing under I.C. § 54–2040(i).

Idaho Code § 54–2064(1) enumerates the duties owed by a real estate agent to a customer:

> If a buyer or seller is not represented by a brokerage in a regulated real estate transaction, that buyer or seller remains a customer to whom the brokerage and its licensees are nonagents and owe only the following legal duties and obligations:
>
> . . .
>
> (d) To disclose to the buyer/customer all adverse material facts actually known or which reasonably should have been known by the licensee. . . .

A customer is defined by I.C. § 54–2061(6) (1997) *amended and renumbered at* I.C. § 54–2083(6) (2000) as "a buyer or seller who is not represented in an agency relationship in a regulated real estate transaction." Nordling argues that since Buyer was represented by Huff, Buyer was not her customer.

The Act places sellers and buyers in one of two categories: customer or client. A client is defined as "a buyer or seller or both who have entered into an express written contract or agreement with a brokerage for agency representation in a regulated real estate transaction." I.C. § 54–2061(4). Real estate licensees owe clients even greater duties than those owed to customers. *See* I.C. § 54–2065 (1997) *amended and renumbered at* I.C. § 54–2087 (2000).

Nordling argues that in determining whether a party is the customer of a particular brokerage, the transaction should be considered as a whole—whether the party is represented by any brokerage. In determining whether a party is the client of a particular brokerage, only the relationship between the party and the particular brokerage should be considered—whether there is a written contract between this party and this brokerage. In so doing, Nordling creates a loophole: Buyer would be neither Nordling's

client nor customer and, therefore, Nordling would owe Buyer absolutely no duty.

█ We find no justification for Nordling's position in the plain language of the statute. There is nothing in the definitions of customer and client or the introductory clauses of the sections dealing with duties owed to customers and clients that would justify the different analysis. The analysis should, therefore, be consistent. The proper analysis is to look at the relationship between the particular brokerage and the buyer or seller and determine whether the party stands as a client or a customer of that particular brokerage. Since Nordling did not have a written contract with Buyer, the Commission correctly found that Buyer was a customer as to Nordling. Therefore, Nordling should have disclosed the facts surrounding the Invalid Rule to Buyer pursuant to I.C. § 54–2064(1).

**D. The Commission properly determined Nordling committed fraud by failing to disclose the Invalid Rule.**

**1. The Staff of the Commission did not need to plead fraud with particularity.**

█ Nordling first contends the gravamen of this action is fraud and, therefore, the Commission was required to plead its case with particularity as required by I.R.C.P. 9(b). The Idaho Rules of Civil Procedure do not, by their own definition, apply to administrative proceedings. The I.R.C.P. govern only "the procedure ... in the district courts and the magistrate's divisions of the district courts in the state of Idaho." I.R.C.P. 1(a). Proceedings of the Commission are governed by its own set of procedures entitled "The Rules and Practice of the Idaho Real Estate Commission", see IDAPA 33.01.01.003 and 33.01.02.000 et seq., which do not require fraud to be plead with particularity.

**2. The Commission does not have to prove Nordling acted in bad faith.**

█ The Commission has not contested Nordling's contention that the gravamen of the action is fraud. Thus, the Commission bears the burden of proving by clear and convincing evidence, see *Harmon v. Lute's*

*Construction Co.*, 112 Idaho 291, 293, 732 P.2d 260, 262 (1986); *Northern Frontiers v. State ex rel. Cade*, 129 Idaho 437, 439, 926 P.2d 213, 215 (Ct.App.1996):

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of the falsity; (7) his reliance on the truth; (8) his right to rely thereon; and (9) his consequent and proximate injury.

*Faw v. Greenwood*, 101 Idaho 387, 389, 613 P.2d 1338, 1340 (1980) (quoting *Mitchell v. Siqueiros*, 99 Idaho 396, 401, 582 P.2d 1074, 1079 (1978)). To these elements of fraud, Nordling attempts to add a specific requirement of bad faith scienter. She argues that because she did not disclose the Invalid Rule due to her belief it would violate the FHA she acted in good faith and cannot be found guilty of fraud.

█ The only scienter requirement for fraud is already included within *Faw* elements 4 and 5. The intent to deceive is comprised of knowledge of falsity and intent that the representation be acted on. *See* 32 C.J.S. *Fraud* § 33 (1997). The type of scienter Nordling would have this Court adopt is equivalent to bad motive, which is not an element of fraud. *See* 32 C.J.S. *Fraud* § 36; 37 AM.JUR. 2d § *Fraud and Deceit* § 187. Thus, Nordling's reason for not disclosing the facts surrounding the Invalid Rule is legally irrelevant.

█ Furthermore, when the fraud is accomplished by omission when disclosure is required, even the intent to deceive is irrelevant.

> It cannot be controverted that actionable fraud or misrepresentation by a vendor may be by concealment or failure to disclose a ... material fact, where under the circumstances there was an obligation to disclose it during the transaction. If deception is accomplished, the form of the deceit is immaterial. And the legal question is not affected by the absence of an intent to deceive, for the element of intent, whether good or bad, is only important as

it may affect the moral character of the representation.

*Tusch Enterprises v. Coffin,* 113 Idaho 37, 42, 740 P.2d 1022, 1027 (1987) (quoting *Bethlahmy v. Bechtel,* 91 Idaho 55, 60, 415 P.2d 698, 703 (1966) (quoting *Kaze v. Compton,* 283 S.W.2d 204, 207 (Ky.1955))). Therefore, the Commission properly found Nordling acted fraudulently without considering her good faith reason for not disclosing the facts surrounding the Invalid Rule.

### 3. The Commission's findings are supported by substantial competent evidence.

 Nordling contends that because the 55 and older rule was invalid, it did not exist. Since the rule did not exist her nondisclosure was truthful and could not be material. The rule obviously did exist. Buyer and two other qualified buyers were rejected because of the Invalid Rule; thus, her contention is without merit.

Nordling also argues the Commission erred in finding Buyer was not made aware of the Invalid Rule before signing the sales agreement. Her argument is based upon her own testimony that she left information about the Invalid Rule with a receptionist at Huff's office before the sales agreement was signed. In opposition to Nordling's testimony is Buyer and Huff's testimony they never received the information. In addition, the receptionist at Huff's office testified she had never seen Nordling until some time after Nordling allegedly dropped off the information. The receptionist also testified about office procedures for ensuring information was delivered to the appropriate licensee and could remember no instance where the procedures had not been followed. Based upon this evidence, the hearing officer's conclusion that Buyer was unaware of the rule is not clearly erroneous. The evidence provided by the testimony of Buyer, Huff, and the receptionist constitutes substantial evidence supporting the Commission's finding.

### E. The hearing officer did not err by denying Nordling's motion in limine.

Before the hearing, Nordling submitted a motion in limine to exclude all reference to the Invalid Rule as irrelevant because the FHA precluded her from disclosing the rule. The hearing officer denied the motion. Nordling claims the hearing officer's refusal to exclude the evidence was error because it allowed the hearing officer and Commission to hear evidence without regard to the preemptive effect of the FHA on the state law presented at the hearing.

Rule 78 of the Rules of Practice and Procedure of the Idaho Real Estate Commission provides a hearing officer "may exclude evidence that is irrelevant." IDAPA 33.01.02, Subsection 078 (1997). Because the Commission's rules do not define relevant evidence, the hearing officer relied upon the definition provided by the Idaho Rules of Evidence.

"Relevant Evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

I.R.E. 401. Thus, the inquiry is simply whether evidence concerning the Invalid Rule made it more or less likely that Nordling violated the disclosure rules and statutes. Since nondisclosure of the facts surrounding the Invalid Rule were the grounds for the disciplinary action, such evidence was clearly relevant and the motion properly denied.

### F. The Commission can properly award itself attorney fees pursuant to I.C. § 54-2040A.

 Idaho Code § 54-2040A provides upon finding a licensee guilty of making fraudulent misrepresentations, § 54-2040A(a), or engaging in any other conduct constituting dishonorable dealings, § 54-2040A(i), the Commission

shall have the power to . . . assess costs and attorney fees against the person for the cost of any investigation and/or administrative or other proceedings upon the licensee at any time when the holder thereof is performing or attempting to perform any of the acts mentioned in section 54-2022, Idaho Code, regardless of whether the acts were for his own account or in his capacity as broker or salesman.

Nordling argues that because the Commission can only award itself attorney fees and costs upon a finding of guilt, § 54–2040A creates a conflict of interest that makes the final order and award of attorney fees in this case suspect.

In *State ex rel. Richardson v. Pierandozzi*, 117 Idaho 1, 784 P.2d 331 (1989) this Court addressed a similar argument. *Pierandozzi* involved the revocation of a liquor license by the Department of Law Enforcement. The revocation hearing was conducted by an examiner who was paid according to how many cases he heard. The appellants' argued their due process rights were violated because the examiner was predisposed to rule in favor of the Department in order to attract future cases. In rejecting the appellant's argument, this Court found the "potential for bias is cured by the fact that the parties have the right to judicial appeal of any administrative decision manifesting an abuse of discretion." *Id.* at 4, 784 P.2d at 334. Because the Pierandozzis had presented no evidence of actual bias, the Court held that there were no grounds for finding a due process violation.

We find *Pierandozzi* persuasive. Although a potential conflict of interest is created by the statutory scheme enacted by the legislature, judicial review of the actions of the Idaho Real Estate Commission cures any such potential conflict. Therefore, we uphold the Commission's authority to award itself attorney fees.

**G. Nordling is not entitled to her attorney's fees in these proceedings.**

Nordling claims she is entitled to attorney ·fees under I.C. § 54–2040. Idaho Code § 54–2040, however, only allows the Commission to award itself attorney fees upon finding that a licensee is guilty of a prohibited act. Idaho Code § 54–2040 says nothing about an award of fees to the party who has been investigated.

Nordling also claims she should be awarded attorney fees under I.C. § 12–121. Attorney fees are not available to a party on appeal from an agency decision under this section. *See Lowery v. Board of County Comm'rs*, 117 Idaho 1079, 793 P.2d 1251 (1990); *see also Knight v. Dep't of Ins.*, 119 Idaho 591, 808 P.2d 1336 (Ct.App.1991).

**H. The Court does not award attorney fees on appeal to the Commission.**

The Commission requests attorney fees on appeal pursuant to I.C. §§ 12–121 and 54–2040. For the reason stated above, fees are not appropriate under I.C. § 12–121. As to I.C. § 54–2040, the statute provides the Commission, not the courts, with authority to award costs and fees. Thus, we do not award the Commission their fees on appeal.

**IV.**

**CONCLUSION**

The FHA did not prohibit Nordling from disclosing the facts surrounding Steven Cady's efforts to enforce the Invalid Rule. Because the FHA did not prohibit her from disclosing this information, Nordling violated I.C. § 54–2064(1); IDAPA 33.01.01, Subsection 408; and I.C. §§ 54–2040A(a) and (i). The Commission's order is affirmed. Costs to the Commission.

Justices SCHROEDER, WALTERS, KIDWELL and Justice Pro Tem GOFF, concur.