137 P.3d 438

**Tarek L. HAW, M.D., Petitioner–Appellant–Respondent on Appeal,**

v.

**IDAHO STATE BOARD OF MEDICINE, Respondent–Appellant on Appeal.**

No. 31862.

Supreme Court of Idaho, Boise, March 2006 Term

May 30, 2006.

Uranga & Uranga, Boise, for appellant. Jean R. Uranga argued.

Hawley, Troxell, Ennis & Hawley, LLP, Boise, for respondent. Joseph D. McCollum Jr. argued.

TROUT, Justice.

This is an appeal from an order of the district court reversing the decision of the appellant Idaho State Board of Medicine (Board) ordering respondent Dr. Haw to pay the Board's costs and attorney fees in the amount of $115,755 relating to a disciplinary action brought by the Board against Haw. While we agree with the district court the Board erred in its fee award analysis, we remand the matter to the Board to reconsider the issue consistent with the guidelines set forth in this opinion.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 2000, the Board filed a fifty-seven page amended complaint containing twenty-three counts against Haw. Twenty-one of those counts included multiple allegations relating to the standard of care Haw provided his patients. All of those counts included some variation on the following allegations: (1) using stereotypical and incomplete charting and record keeping; (2) illegible handwriting; (3) ordering lab work that did not support the diagnosis; (4) diagnosing patients in a manner inconsistent with the findings or lack of findings; (5) treating patients in a manner inconsistent with the diagnosis, including utilizing excessive doses of intramuscular estrogen; and (6) inappropriately using, or failing to use, consultants. After listing these allegations, each count included a paragraph in which the Board asserted, "The acts and practices of [Haw], as alleged ... above, constitute violations of the Idaho Medical Practice Act in that [Haw] has provided health care which fails to meet the standard of health care provided by other qualified physicians in the same or similar communities." A hearing officer found little or no evidence to support many of the allegations, but did conclude Haw violated the community standard of care concerning estrogen injections. The Board adopted all of the hearing officer's findings and conclusions, sanctioned Haw by prohibiting him from giving estrogen injections in the future, and awarded itself over $115,000 in costs and attorney fees.

In Haw's first appeal, this Court affirmed the restriction on Haw's practice, but determined the fee award violated Haw's due process rights because he had not been given an opportunity to be heard on the matter. *See Haw v. Idaho State Bd. of Medicine (Haw I)*, 140 Idaho 152, 90 P.3d 902 (2004). On remand, the Board held a hearing on the issue and concluded that assessing costs and attorney fees is one of the disciplinary measures the Board has discretion to impose as a sanction pursuant to I.C. § 54–1806A(9). With respect to determining the amount of fees and costs to impose, the Board noted

Haw's argument the fees should be apportioned because much of what had been alleged was not found to be the basis for discipline. Despite that argument, the Board found "no reasonable basis for reducing the amount of costs and attorney fees on the rationale that [Haw] is entitled to apportionment of such costs and attorney fees." Once sufficient grounds for discipline were found to exist, the Board reasoned, it had discretion as to what sanctions to impose. Thus, the Board declined to apportion at all, deciding that because it had disciplined Haw, it was appropriate to impose as a sanction all of the fees incurred. Haw again appealed.

While acknowledging the numerical count of claims won or lost was not dispositive, the district court concluded the record clearly showed the Board prevailed in part and lost in part. As the Board engaged in no analysis as to the relative significance of the claims won or lost, the district court concluded the Board failed to establish its entitlement to costs and attorney fees. The district court reversed the Board's order of costs and attorney fees in its entirety and the Board timely appealed.

## II.

## STANDARD OF REVIEW

■ On appeal from the district court's decision on judicial review in a proceeding governed by the Administrative Procedure Act (APA), this Court reviews the agency record independently of the district court's decision. *Haw I,* 140 Idaho at 157, 90 P.3d at 907. Pursuant to the APA, an agency's disciplinary decisions may only be overturned on appeal where the decisions violate a substantial right of the party and where the agency's findings, inferences, conclusions, or decisions (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion. *Staff of Idaho Real Estate Com'n v. Nordling,* 135 Idaho 630, 633, 22 P.3d 105, 108 (2001); I.C. § 67–5279(3), (4).

## III.

## DISCUSSION

The main issues on this appeal are whether the Board's award of attorney fees should be apportioned and, if so, the appropriate remedy given the statute governing judicial review of Board decisions.

### A. The award

■ Idaho Code section 54–1806A(9) governs disciplinary proceedings before the Board as follows:

Adjudication of Discipline or Exoneration. The board shall make a determination of the merits of all proceedings, studies and investigations and, if grounds therefor are found to exist, may issue its order:

(a) Revoking the respondent physician's license to practice medicine;

(b) Suspending or restricting the respondent physician's license to practice medicine;

(c) Imposing conditions or probation upon the respondent physician and requiring rehabilitation planning, commitment and conditions upon such respondent physician's licensure;

(d) Imposing an administrative fine not to exceed ten thousand dollars ($10,000) for each count or offense; and/or

(e) *Assessing costs and attorney's fees against the respondent physician for* any investigation and/or administrative proceeding.

If grounds for any of the foregoing are not found to exist, the board shall enter its order so stating and dismissing the proceedings and shall provide the respondent and, if there be one, the complainant or petitioner in the proceedings a true copy thereof.

(emphasis added). We agree with the Board that this statute clearly gives the Board authority to assess attorney fees as a sanction if grounds for discipline are found to exist after the merits of all proceedings have been considered. We also agree that the Idaho Rules of Civil Procedure do not apply to Board proceedings, so the Board is not constrained to follow exactly the prevailing party

analysis set forth in I.R.C.P. 54. *See Nordling*, 135 Idaho at 635, 22 P.3d at 110 (noting the Idaho Rules of Civil Procedure, by their own definition, are not applicable to administrative proceedings). Nevertheless, we disagree with the Board that the imposition of a sanction is entirely within its discretion and it need not demonstrate how the award relates to the discipline imposed.

The Board's assertion that finding any grounds for discipline empowers the Board to impose whatever sanctions it wishes is not persuasive, especially where the discipline simply consisted of prohibiting Haw from using a specific treatment therapy in the future, which is not a particularly serious form of discipline (compared with suspending or revoking a license to practice medicine or a significant fine, for example). Under the Board's reasoning, even if it had only prevailed on the illegible handwriting claim—which the Board asserted would establish a violation of the Idaho Medical Practice Act—the Board would be entitled to recover all of its attorney fees. Such a result is not supported by the language of the statute vesting discretion in the Board to weigh the merits of the proceedings, studies and investigations and render an appropriate form of discipline.

Even more importantly, an award of attorney fees is a sanction, which, like any other penalty, must somehow be tied to the sanctioned conduct. By awarding itself all of the attorney fees incurred, the Board has effectively sanctioned Haw for conduct the hearing officer found "unsanctionable," such as his illegible handwriting and failure to use consultants. Such an award is clearly an abuse of discretion.

■ While this Court has often been confronted with the question of whether a certain agency action constitutes an abuse of discretion, we have not expressly articulated the standard to be applied when making that determination. We now clarify that an appellate court reviewing agency actions under the APA must determine whether the agency perceived the issue in question as discretionary, acted within the outer limits of its discretion and consistently with the legal standards applicable to the available choices, and reached its own decision through an exercise of reason. *See Rockefeller v. Grabow*, 136 Idaho 637, 643, 39 P.3d 577, 583 (2001).

Here, the statute clearly gives the Board the discretion to impose sanctions. The award is not consistent with applicable legal standards, however, because it is so disproportionate to the discipline imposed that the Board could not have considered the merits of all proceedings as required by I.C. § 54–1806A(9) when making the award. Also, determining all fees and costs may be recovered simply because one of many possible grounds for discipline existed is not a decision based on the exercise of reason. On these facts, the Board abused its discretion in concluding there was "no reasonable basis" for apportioning its award of costs and fees. Consequently, the Board's award of fees and costs is vacated.

## B. The remedy

■ Idaho Code section 67–5279(3) directs, "[I]f the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." Because we have vacated the fees and costs award, we remand the matter to the Board for further proceedings. We offer the following direction to enable the Board to conduct further proceedings consistent with this opinion.

The guiding principle is that the sanction must be related to the discipline; I.C. § 54–1806A(9) does not authorize an open-ended sanction simply because some form of discipline has been imposed. The Board must engage in a meaningful analysis of the charges made in relation to the charges upon which the Board was successful. While the Board need not add up the allegations and calculate with mathematical precision who won the most claims, there should be some analysis of precisely how much time and effort went into proving the misconduct that resulted in discipline. Here, the Board used what the hearing officer described as a "shotgun approach" in making its allegations against Haw, who therefore felt it necessary to present a full defense to every allegation. While the Board is entitled to list as many violations as it thinks appropriate and supported by its investigation, it must be mind-

ful the doctor will, as a result, be forced to defend against every one of the claims charged.

Though the Board sought and received a restriction on Haw's use of injectable hormones, it also sought discipline based on allegations of Haw's poor handwriting, his use of lab testing, his stereotypical and incomplete charting and record keeping, and his dealings with consultants. In light of the multiple allegations made, the Board cannot claim it was fully successful in what it was seeking to achieve and, therefore, is entitled to all its fees and costs. In actuality, the Board was successful on a fairly small part of the allegations made and the Board should have taken that into account in assessing any sanction relating to fees and costs. The Board should consider how many of the claims the doctor prevailed on, the overall success in supporting the Board's allegations and the amount of time and effort devoted to proving the claimed misconduct for which discipline was imposed, as opposed to the total time spent in pursuing all of the allegations.

In sum, an award of fees and costs based on the previous considerations will likely ensure the sanction bears a reasonable relationship to the conduct warranting discipline in a manner that is not an abuse of discretion.

### C. Fees on appeal

■ Haw requests attorney fees on appeal under I.C. § 12–117, which allows a court to award fees against a state agency that has acted without a reasonable basis in fact or law. Here, while we disagree with the Board's result, we cannot say it acted without a reasonable basis in law, given the lack of clarity or standards in the discipline statute. We, therefore, deny the request for fees.

### IV.

### CONCLUSION

The order of the Board of Medicine awarding fees and costs is vacated. The matter is remanded to the Board pursuant to I.C. § 67–5279(3) for further proceedings consis-

tent with the guidelines set forth in this opinion. We award costs on appeal to Haw.

Justices EISMANN and BURDICK and Justice Pro Tem. KIDWELL concur.

JONES, J., specially concurring:

I write to pass on to the Board, using the words of my high school English teacher, Mrs. Murphy, a word to the wise. A tribunal that is too close to an issue, or which has a financial stake in the outcome, may find its impartiality impaired. While neither party has directly raised the issue of impartiality in this proceeding, some troublesome factors do appear in the record.

In the initial proceeding, which led to the first appeal, the hearing officer did a good job of winnowing through the large number of charges made against Haw to determine which were supported by the evidence and which were not. The Board upheld the hearing officer's findings but then went on to impose an award of costs and attorney fees in the sum of $116,067.05 against Haw, without giving him an opportunity to be heard. The award of costs and fees was vacated on due process grounds and the case was remanded for further consideration of the issue.

On remand, the Board held a hearing on the issue of costs and fees, without the assistance of a hearing officer. Despite the fact that Haw prevailed on the majority of the charges against him, the Board again imposed a sizable award against Haw, this time in the sum of $115,755. In its order the Board recited that it had "considered the fact that costs and attorney fees incurred in investigating and prosecuting complaints against a physician are paid by licensing fees and concluded the Board has a responsibility to recoup such expenses, if appropriate." It appears that the Board might have been somewhat too mindful of recouping all of the license fees and a little less mindful than it should have been in determining a "reasonable" award.

In order to assure impartiality on the second remand, the Board would be well advised to employ the services of the hearing officer in determining an appropriate award of costs

and fees. The hearing officer did a good job of separating the wheat from the chaff with regard to the substantive issues in the first go-around and would more than likely perform a similar service on the issue of costs and fees. The use of a hearing officer would provide some separation between the Board's responsibility to fashion a reasonable award and its interest in recouping the licensing fees paid by its membership. At the very least, employment of a hearing officer would avoid the appearance of partiality.