160 P.3d 438

**Gail S. ATER, Petitioner–Respondent,**

v.

**IDAHO BUREAU OF OCCUPATIONAL LICENSES, and Idaho State Board of Professional Counselors and Marriage and Family Therapists, Respondents–Appellants.**

**No. 33143.**

Supreme Court of Idaho,
Boise, May 2007 Term.

May 23, 2007.

Naylor & Hales, P.C., Boise, Idaho, for appellants. Carlton R. Ericson argued.

Stephan, Kvanvig, Greenwood, Stone & Trainor, Twin Falls, Idaho, for respondent. Laird B. Stone argued.

JONES, Justice.

The Board of Professional Counselors and Marriage and Family Therapists ("Board"), a licensing board within the Idaho Bureau of Occupational Licenses, brought disciplinary proceedings against Gail Ater for allegedly violating certain provisions of the American Counseling Association Code of Ethics ("ACA Code"). The Board, disregarding its hearing officer's recommendation, found violations and suspended Ater's license for one year. On appeal, the district court set aside the Board's order of suspension and determined that remand was unnecessary. We affirm the district court's action.

## I.

In April of 2002 Ater was treating R.H. as part of a court-ordered sex offender treatment program. On April 17, R.H. received permission from his parole officer to go out of state to visit his sick mother, provided he discuss his treatment with Ater before he left. Ater spoke with the parole officer, indicating he did not have a problem with R.H. leaving and that he would discuss the matter with R.H. at a scheduled group therapy session at 6:30 that evening. However, at about 2:30 p.m., R.H. arrived unannounced at Ater's office, which was also his home. Ater was in his office with a female friend when R.H. entered through the back door in an agitated state. Ater advised R.H. that he had agreed to allow him to leave but that R.H. would need to attend the group session that evening. After R.H. stated that he would not attend that evening's session, Ater told him that he needed to be there because he had missed a previous session. R.H. responded with profane and derogatory remarks aimed at Ater and left angrily. Ater followed R.H. into the hallway to inform him that he could not speak to him in such a manner and that R.H. needed to come to the evening session or run the risk of a parole violation. R.H. then physically attacked Ater but Ater pushed him away and put him into a headlock. The parties do not dispute that R.H. was the aggressor and that Ater acted in self-defense.

In March of 2004 the Board filed an administrative complaint against Ater, alleging that he had violated certain provisions of the ACA Code. The Board appointed attorney Michelle Points as the hearing officer. After conducting an evidentiary hearing, Points issued her factual findings, legal conclusions and recommendation in December of 2004, concluding that Ater had not violated the

ACA Code. In its order, the Board adopted all of Points' factual findings and legal conclusions, except for the conclusion that Ater had not violated the ACA Code by following R.H. into the hallway. The Board opined, "based upon its members' specialized knowledge and experience," that Ater's conduct "in following R.H. out of his office and verbally confronting [him] in his extremely agitated state" violated ACA Code sections A.1.a and A.5.a. The Board suspended Ater's license for one year but provided the suspension would be stayed if Ater agreed to practice under the supervision of a Board-approved counselor, pay a $2,000 fine and pay another $5,098.61 in costs and attorney fees. Ater appealed the Board's decision.

The district court set aside the Board's order, concluding that the Board violated Ater's due process rights because: (1) it did not use its specialized knowledge and experience to evaluate the evidence but, instead, substituted that knowledge for the evidence presented; (2) it failed to articulate the standard Ater was alleged to have violated or to make findings as to how Ater violated any applicable standard; and (3) the record did not disclose the knowledge and experience upon which the Board based its decision and therefore the record did not contain substantial evidence to support the Board's decision. The district court also found that the Board acted arbitrarily and capriciously because it disregarded the evidence as presented and failed to articulate clear standards regarding what was meant by "personal needs" and the "welfare of the client" as used in the ACA Code. The district court awarded attorney fees to Ater pursuant to Idaho Code § 12–117(1), based on its finding that the Board acted arbitrarily and capriciously.

## II.

In this opinion we address three issues, namely: 1) whether the Board acted without substantial evidence in the record; 2) whether the district court erred in awarding attorney fees to Ater, and; 3) whether Ater is entitled to attorney fees on appeal.

## A.

The Board's disciplinary proceedings are subject to Administrative Procedure Act (APA) requirements. I.C. § 54–3407. In an appeal from the district court, acting in its appellate capacity, this Court reviews the agency record and order independently of the district court's decision. *Haw v. Idaho St. Bd. of Med.*, 143 Idaho 51, 53, 137 P.3d 438, 440 (2006). This Court will not "substitute its judgment for that of the agency as to the weight of the evidence on questions of fact." I.C. § 67–5279(1). This Court will overturn an agency's disciplinary decision on appeal only when it "violate[s] a substantial right of the party and where the agency's findings, inferences, conclusions, or decisions (a) violate statutory or constitutional provisions; (b) exceed the agency's statutory authority; (c) are made upon unlawful procedure; (d) are not supported by substantial evidence in the record; or (e) are arbitrary, capricious, or an abuse of discretion." *Haw*, 143 Idaho at 53, 137 P.3d at 440 (citing *Staff of Idaho Real Est. Commn. v. Nordling*, 135 Idaho 630, 633, 22 P.3d 105, 108 (2001); I.C. § 67–5279(3), (4)).

## B.

Pursuant to its statutory authority the Board adopted the ACA Code, requiring licensees to adhere to its provisions. I.C. § 54–3404(3); IDAPA 24.15.01.350. The Board concluded that Ater violated two provisions of the ACA Code:

[A.1.a] The primary responsibility of counselors is to respect the dignity and to promote the welfare of clients.

* * *

[A.5.a] In the counseling relationship, counselors are aware of the intimacy and responsibilities inherent in the counseling relationship, maintain respect for clients, and avoid actions that seek to meet their personal needs at the expense of clients.

The provisions at issue implicate, in part, the counselor's subjective intent in that they call for a determination as to whether the counselor was seeking to meet his personal needs and whether the counselor was pursuing a

course believed to be in the client's best interest or welfare.

■ The Board claimed to adopt all of the hearing officer's factual findings but, in fact, it disregarded a critical finding regarding the rationale for Ater's conduct. We review the Board's findings, not the hearing officer's, but this Court will review the Board's decision with greater scrutiny when it does not accept the hearing officer's recommendations. *Pearl v. Bd. of Prof. Disc. of Idaho St. Bd. of Med.,* 137 Idaho 107, 114, 44 P.3d 1162, 1169 (2002). Here, when presented with conflicting evidence on this key issue, the Board departed from its hearing officer's determination that Ater's testimony was more credible than that submitted by the Board's witness, but never explained its reasons for doing so. In considering the testimony of Ater and the Board's expert witness, Barry Watts, the hearing officer concluded:

> With regard to [Ater's] course of action in following R.H. out of his office and verbally confronting R.H., this hearing officer concludes that [Ater] did not violate the ACA Code. This hearing officer recognizes that the Board's expert Mr. Watts opined that the best course of action would have been for [Ater] to simply let R.H. leave the building, without response to his language and behavior. However, [Ater's] testimony regarding the ramifications of taking the "do nothing" response versus establishing a boundary and/or parameters in which it was acceptable for R.H. to act, appears to be an essential element of his therapy process. Because professionals differ on their ideas related to appropriate treatment methods, does not subsume that one method is a violation of the ACA Code and one method is not. This hearing officer found [Ater's] reasoning and methodology credible, and believes that [Ater] took actions in what he believed to be the best interests of R.H.

The hearing office included the foregoing in the conclusions of law, but that conclusion necessarily involves a factual determination, which in turn is based on witness credibility. Because the hearing officer's determination of credibility has a bearing on the eventual outcome, the Board may not disregard it when reviewing its hearing officer's report. *Laurino v. Bd. of Prof. Disc. of Idaho St. Bd. of Med.,* 137 Idaho 596, 603, 51 P.3d 410, 417 (2002) (held that the Board of Medicine must explain reasoning for departing from the hearing officer's assessment of witness credibility).

The Board essentially ignored this factual finding, instead relying solely on its "specialized knowledge and experience" to reach the opposite conclusion. In essence, the Board determined that Ater was serving his own personal needs, rather than those of his client, by following R.H. into the hallway. The Board may use its knowledge and expertise to judge Ater's conduct against an articulated and recognized standard, but it may not use its expertise as a substitute for the evidence in the record, which would negate any meaningful judicial review of administrative disciplinary actions. *Laurino,* 137 Idaho at 602, 51 P.3d at 416.

■ Moreover, judicial review is impractical where this Court is left with no clear standard upon which to judge the alleged bad conduct and the Board's subsequent disciplinary decision. *H & V Engr., Inc. v. Idaho St. Bd. of Prof. Engrs. and Land Surveyors,* 113 Idaho 646, 650, 747 P.2d 55, 59 (1987) ("without clearly articulated standards as a backdrop against which the court can review discipline, the judicial function is reduced to serving as a rubberstamp for the Board's action"); *see also Tuma v. Bd. of Nursing,* 100 Idaho 74, 81, 593 P.2d 711, 718 (1979). If a licensing board chooses to insert its own knowledge and expertise for that of a clearly defined standard, as happened here, we cannot find that the Board considered substantial evidence to support its order, contravening Idaho Code § 67–5279(3)(d). Nowhere in the record does the Board explain what its specialized knowledge and experience is or how that knowledge and experience would compel variance from the hearing officer's determination.

■ Though the Board acted without substantial evidence, we will not overturn the Board's action unless it infringes upon a substantial right. The Board suspended Ater's counseling license for one year. We have held that "the holder of a professional license

has a valuable property right protected by the safeguards of due process." *Cooper v. Bd. of Prof. Disc. of Idaho St. Bd. of Med.*, 134 Idaho 449, 454, 4 P.3d 561, 566 (2000); *see also H & V Engr.*, 113 Idaho at 649, 747 P.2d at 58.

Because the Board acted without substantial evidence and its decision infringed upon a substantial right, we set aside the Board's action. Idaho Code § 67–5279 provides that "if the agency action is not affirmed, it shall be set aside, in whole or in part, and remanded for further proceedings as necessary." We find that further proceedings are unnecessary based on the evidence presented before the hearing officer. *See e.g. Bonner Gen. Hosp. v. Bonner County*, 133 Idaho 7, 11, 981 P.2d 242, 246 (1999).

### C.

■ The Board argues that the district court should not have awarded attorney fees to Ater because, at worst, it had a mere difference of opinion regarding how to apply the ACA Code to the facts of this case. We exercise free review over an attorney fee award made pursuant to Idaho Code § 12–117(1). *In re Est. of Elliott*, 141 Idaho 177, 183, 108 P.3d 324, 330 (2005) (citing *Rincover v. State Dept. of Fin., Secs. Bureau*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999)). Idaho Code § 12–117(1) mandates that the court award reasonable attorney fees and expenses to the prevailing party where the non-prevailing party acts without a reasonable basis in fact or law. *Id.* at 184, 108 P.3d 324, 108 P.3d at 331.

■ Idaho Code § 12–117(1) is intended: "1) to serve as a deterrent to groundless or arbitrary agency action; and 2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies never should ha[ve] made." *In re Est. of Kaminsky*, 141 Idaho 436, 439–40, 111 P.3d 121, 124–5 (2005) (quoting *Bogner v. State Dept. of Revenue and Taxn.*, 107 Idaho 854, 859, 693 P.2d 1056, 1061 (1984)). The Board's action against Ater was largely based upon its perception that Ater was serving his personal needs in following R.H. into the hall. However, it failed to define "personal needs" or explain how Ater was serving such needs. Rather, it chose to disregard a contrary finding by the hearing officer and made its own finding without explaining why. Thus, the Board's decision was without basis in fact or law. Ater was required to incur attorney fees in correcting a mistake the Board should not have made. Attorney fees pursuant to Idaho Code § 12–117(1) are appropriate and we affirm the district court's award.

### D.

■ Ater requests attorney fees on appeal pursuant to Idaho Appellate Rule 41 but does not cite any statutory authority for such an award. As we have long held and oft repeated, Idaho Appellate Rule 41 does not provide an independent basis for attorney fees on appeal because it is a procedural rule. *Athay v. Stacey*, 142 Idaho 360, 371, 128 P.3d 897, 908 (2005). While attorney fees would have been appropriate here, we will not award such fees without the requisite citation to statutory authority.

### III.

We set aside the Board's action in whole, but decline to remand. We affirm the district court's award of attorney fees. Costs, but not attorney fees, are awarded to Ater on appeal.

Chief Justice SCHROEDER and Justices TROUT, EISMANN and BURDICK concur.