96 P.3d 629

**UNION PACIFIC LAND RESOURCES CORP., Plaintiff–Respondent,**

v.

**SHOSHONE COUNTY ASSESSOR and Shoshone County Board of County Commissioners, Defendants–Appellants.**

No. 29665.

Supreme Court of Idaho,
Boise, May 2004 Term.

July 30, 2004.

Bosch, Daw & Ballard, Chtd., Boise, for appellants. C.A. Daw argued.

Hawley, Troxell, Ennis & Hawley, Boise, for respondent. Richard G. Smith argued.

BURDICK, Justice.

This case arose as the result of a dispute between the State Tax Commission (Tax Commission) and the Shoshone County Tax Assessor (the Assessor) about the classification of property owned by Union Pacific. The Court finds the Assessor wrongfully reclassified and double-taxed Union Pacific's property.

## FACTS AND PROCEDURAL BACKGROUND

In July 2000, the Tax Commission staff issued a notice of valuation for Union Pacific's operating property located in Shoshone County for the 2000 tax year. On July 28, 2000, the Assessor filed a complaint disputing the value of Union Pacific's land and the lack of value allocated to the salvage rails and ties. The Assessor did not dispute the Tax Commission's classification of Union Pacific's land as operating property. The Tax Commission staff discussed the value with the Assessor and with Union Pacific and recommended that the value remain unchanged.

The Tax Commission sitting as the State Board of Equalization held a meeting on August 25, 2000. The meeting began with the Commissioner explaining the formalities of the Assessor's participation in valuing the operating property. The Commissioner stated:

> After much research, we realized that the assessor actually had no standing to protest these values. The assessor has the right to meet with staff, discuss the appraisal and the valuation of the utilities. Staff will then make … I need to back up. The assessor can meet with staff and the taxpayer to discuss those issues. The staff will then make recommendations to us as a Board of Equalization based on those conversations and new information. We, as the Board of Equalization, will then act on those. If the assessor has further concerns or feels that his needs have not been met, the assessor's only right of appeal then is in the district court…. One thing I should mention before we go on and I probably should have mentioned it earlier, staff has made a recommendation to the Commission that, after hearing all the information from [Shoshone County Assessor] and from Union Pacific during the phone call, that we leave the value as it is. We have not met to deliberate on that yet. We will do that before the Board of Equalization is over.

After the Commissioner made his preliminary explanations, the Board provided the Assessor an opportunity to make comments about the process. At that time, the Assessor asserted that there were errors in the calculated values. He also commented without any explanation or further discussion that he did not believe Union Pacific had any operating property in Shoshone County. The Board of Equalization made no changes in the property's classification or assessment. The Assessor did not appeal the Tax Commission's decision.

In November 2000, the Assessor unilaterally classified the property as non-operating and levied another assessment for the Union Pacific property under the theory that Union

Pacific's land was non-operating. Union Pacific appealed to the Board of Equalization. When that appeal was denied, Union Pacific appealed to the Board of Tax Appeals. On August 10, 2001, the Board of Tax Appeals affirmed the Board of Equalization's decision.

Union Pacific appealed to the district court, which pursuant to I.C. § 63–3812(c), hears such appeals *de novo* in the same manner as if it were hearing original proceedings in the district court. The district court reversed the decision, granting summary judgment to Union Pacific. The district court held that the Tax Commission has the initial responsibility to determine whether property is operating property or non-operating property. In the event the Assessor disagrees with the Tax Commission's determination that the property represents operating property, the district court held that the remedy is for the Assessor to appeal that decision to the district court. The district court also ruled that the issue became *res judicata* as a result of the Assessor's failure to pursue an appeal. The Assessor filed a timely appeal from the district court's decision.

## ISSUES ON APPEAL

I. Does the Tax Commission or the Assessor have the ultimate authority to classify Union Pacific's property as operating or non-operating?

II. Can the Assessor appeal the Tax Commission's classification?

III. Is the Assessor bound by the Tax Commission's decision, under *res judicata* principles, if the Assessor was not a party to the proceeding where the classification was adjudicated?

IV. Should Union Pacific be awarded attorney fees and costs on appeal?

## STANDARD OF REVIEW

■ This Court's standard of review is the same as used by the district court ruling on the motion for summary judgment. *Idaho State Tax Comm'n v. Stang*, 135 Idaho, 800, 802, 25 P.3d 113, 115 (2001) (citing *Eagle Water Company, Inc. v. Roundy Pole Fence Co., Inc.*, 134 Idaho 626, 7 P.3d 1103 (2000)).

Summary judgment is appropriate when there are no genuine issues of material fact and the case can be decided as a matter of law. *Roeder Holdings, L.L.C. v. Board of Equalization of Ada County*, 136 Idaho 809, 812, 41 P.3d 237, 240 (2001). This Court exercises free review over construction and application of a legislative act, which are pure questions of law. *Id.*

## DISCUSSION

I. Does the Tax Commission or the Assessor have the ultimate authority to classify Union Pacific's property as operating or non-operating?

■ The Assessor argues that in 2000, the Tax Commission had authority to assess operating property pursuant to I.C. §§ 63–207(2) and 63–401. Simultaneously, the Assessor had the authority pursuant to I.C. §§ 63–207(1) and 63–402 to determine if the same property was non-operating and to assess it. At first glance, both the Tax Commission and the Assessor had full statutory authority to determine the property's classification.

The Tax Commission is a constitutional body existing under the authority of Article VII, § 12 of the Constitution of this state, which provides in part that "said commission shall have such other powers and perform such other duties as may be prescribed by law, ..." Pursuant to Article XVIII, § 6 of the Constitution, the assessor is a constitutional officer.

Since 1913, the statutes in controversy have remained virtually unchanged as to the issue presented. In 1913, the legislature passed a complete revenue act to provide a system of revenue for state, county, municipal, and school purposes. 1913 Idaho Sess. Laws ch. 58. The Act authorized county assessors to assess property within their county, except as otherwise provided in the Act.1913 Idaho Sess. Laws ch. 58, § 14. Section 86 of the Act granted exclusive authority to the State Board of Equalization to assess the railroad's operating property. 1913 Idaho Sess. Laws ch. 58, § 86. Section 88 of the Act required county assessors to assess all other property, not included within the

meaning of the term, "operating property," as defined by the Act.1913 Idaho Sess. Laws ch. 58, § 88. The Act did not specify if the county assessor, the State Board of Equalization, or both would classify the property.

In 1939, this Court decided *Ada County v. Bottolfsen* and determined the Board of Equalization[1] (Board) and not the assessor must decide whether certain property should be classified as operating property. *Ada County v. Bottolfsen*, 61 Idaho 64, 71, 97 P.2d 599, 601 (1939)("*Bottolfsen I*"). In *Bottolfsen I*, the underlying controversy arose when during the Board meeting to assess operating property, the applicants filed a petition to have certain properties excluded as operating property and to have them assessed by the county assessor. *Id.* at 67, 97 P.2d at 599–600. Nevertheless, the Board assessed the land as operating property. *Id.* Dissatisfied with the decision, the applicants filed a writ to review to correct the Board's decision classifying the property. *Id.* at 68, 97 P.2d at 600. The applicants alleged that since the property was actually non-operating property, the assessment by the Board was in excess of its jurisdiction and its decision was void and of no force and effect because only the county assessor had the authority to assess non-operating property. *Id.* at 69, 97 P.2d at 600.

The Court reviewed the statutes in effect at the time, noting under I.C. § 61–601 the Board had the exclusive authority to assess the railroad's operating property.[2] *Id.* at 71, 97 P.2d at 601. The Court stated, "the Board has the power to and must determine whether property is, or is not, used in the operation of a railroad and whether property is, or is not within the definition of Section 61–113, ..." *Id.* At the time, I.C. § 61–113

defined operating property. *Id.* at 70–71, 97 P.2d at 601. The county assessor was responsible for assessing non-operating property according to I.C. § 61–603.[3] *Id.* at 71, 97 P.2d at 601. The Court determined I.C. § 61–601 "vests original jurisdiction in and makes it the duty of the Board to determine whether property is or is not 'operating property.'" *Id.*

The Board argued that the applicants' writ of review was filed too late because the Board had already made its decision regarding the property's classification, and the assessments had been certified to the county auditors in several counties. *Id.* at 69–70, 97 P.2d at 600–01. The Court explained that the issuance of a writ of review only "puts in operation the machinery of the court for the examination of the order sought to be reviewed." *Id.* at 73, 97 P.2d at 602. Defenses to a writ of review would be that the court does not have jurisdiction, the question could be heard on appeal, the insufficiency of the petition, or that there is a plain, speedy, and adequate remedy. *Id.* Because there were no defenses to issuing the writ of review, the Court determined that it should be issued. *Id.* at 74, 97 P.2d at 603.

A writ of review is defined as, "[a] general form of process issuing from an appellate court to bring up for review the record of the proceedings in the court below; the common-law writ of certiorari." BLACK'S LAW DICTIONARY 1605 (7th ed.1999). "A writ of review may be granted ... when an inferior tribunal, board or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board or officer, and there is no appeal, nor, in the judgment of the court, any plain, speedy and adequate remedy."

---

1. The Board of Equalization is now known as the Tax Commission.

2. Idaho Code § 61–601(1939) is the precursor to I.C. § 63–401. I.C. § 61–601 provided: "The operating property of all railroads, ... and the franchises of all persons owing, or operating as lessees, or constructing any ... railroads, wholly or partly within this state, shall be assessed for taxation for state, county, city, town, village, school district and other purposes, exclusively by the state board of equalization."

3. Idaho Code § 61–603(1939) is the precursor to I.C. § 63–402. I.C. § 61–603 provided: "All

property belonging to any person owning, operating or constructing any railroad, ... wholly or partly within this state, not included within the meaning of the term 'operating property,' as defined in this act; namely, property not reasonably necessary for the maintenance and successful operation of such railroad, ... also tenement and resident property, except section houses, also hotels and eating houses, situate more than 100 feet from the main track of any such railroad, shall be assessed by the assessor of the county wherein the same is situated."

I.C. § 7–202. Following the issuance of the writ of review in *Bottolfsen I*, this Court decided *Ada County v. Bottolfsen*, 61 Idaho 363, 102 P.2d 287 (1940)(*"Bottolfsen II"*). The Court reviewed the Board's classification of certain lands as operating property and denied the petitioner's request to vacate the order, except as to the vacant lots and land leased to the Reclamation Service. *Bottolfsen II*, 61 Idaho at 369, 102 P.2d at 293. The Court engaged in a statutory analysis of I.C. §§ 61–601 and 61–113, adhering to the construction given the statute by the state board over many years, which had not been refuted by the county assessors. *Id.*

In 2000, the statutes were essentially the same as they were in 1939. Idaho Code § 63–207 provided that: "(1) All real and personal property, except as otherwise provided in title 63, Idaho Code, shall be assessed by the assessor of the county in which it is situated. (2) All operating property shall be assessed by the state tax commission." Idaho Code Section 63–401 provided: "Operating property, completed or under construction, shall be assessed by the state tax commission." [4] Idaho Code Section 63–402 provided in part: "All property belonging to any person owning, operating or constructing any public utility or railroad, wholly or partly with this state, not included within the meaning of the term 'operating property' as defined in this title, ... shall be assessed by the assessor of the county wherein the same is situated."

The issue then, as to which entity is authorized to classify property for tax purposes has already been decided and is controlled by *Bottolfsen I*. In *State v. Card*, 121 Idaho 425, 825 P.2d 1081 (1991) this Court noted:

> The doctrine of *stare decisis* is grounded on public policy and, as such, is entitled to great weight and must be adhered to, unless the reasons therefore have ceased to exist, are clearly erroneous, or are manifestly wrong and mischievous or unless more harm than good will result from do-

ing so. ... So, where the court has decided a question of law in another case and a like state of facts is subsequently presented, the rule of *stare decisis* applies and will not be easily changed.

*Id.*, quoting *Muller v. Nebraska Methodist Hosp.*, 160 Neb. 279, 282, 70 N.W.2d 86, 88 (1955). There has been no showing of any reason to overrule *Bottolfsen*.

Contrary to long established case law and in derogation of I.C. § 63–401, the Assessor improperly classified certain property as non-operating and assessed Union Pacific. This conduct not only ignored the precedent in *Bottolfsen I* and *II*, but it led to double taxing Union Pacific in violation of the Idaho Constitution, Art. VII, § 5. Accordingly, it is the Tax Commission that must first determine if the property should be classified as operating property; then, and only then, may the Assessor either petition for a writ of review to dispute the classification or assess the property, if it is non-operating property, depending upon the Tax Commission's definition of operating property. *Bottolfsen I*, 61 Idaho 64, 97 P.2d 599 (1939).

**II. Did the district court err in ruling that the Assessor may appeal the Tax Commission's classification?**

■ Union Pacific paid the disputed tax pursuant to the Tax Commission's determination as operating property. After obtaining no relief in the administrative appeal from the Assessor's independent classification of certain property as non-operating property and his subsequent assessment of this "non-operating" property, Union Pacific filed an appeal with the district court, which reversed the decision of the Tax Commission and held in favor of Union Pacific.

The remedy available in this unique situation is also controlled by *Bottolfsen I*. Under the statute which existed at the time, the Assessor has no recourse for an appeal from a classification of property as "operating" by the Tax Commission. As previously stated,

---

**4.** In 2002, the statute was amended to read as follows: "Operating property, completed or under construction, shall be assessed by the state tax commission. The state tax commission shall identify property to be included as operating property for assessment purposes. Property as-

sessed by the state tax commission shall not be subject to another assessment by any county assessor. A decision by the state tax commission under this section may only be appealed as provided in sections 63–407 and 63–409, Idaho Code."

the Tax Commission, pursuant to I.C. § 63–401, must assess operating property. Idaho Code § 63–402 provides that the county assessor may assess property "not included within the meaning of the term 'operating property' as defined in this title." Under I.C. § 63–407, any *person whose property* is assessed by the Tax Commission may have a review hearing before the commission to review the assessment (but not the classification). The Assessor, however, has no standing under I.C. § 63–407, as the Assessor is not a property owner. Pursuant to I.C. § 63–408, the Assessor may only ask the Tax Commission for an examination regarding assessment and allocation, but he may not challenge the classification. Idaho Code § 63–408 does not give the Assessor any right to an appeal. Idaho Code § 63–409 only gives the aggrieved taxpayer the right to appeal to the district court concerning the state tax commission's decision and the assessor the right to appeal only the assessment. The statutes say nothing of a county assessor's right to appeal the classification decision.

We hold that at the time there existed no statutory appeal mechanism to the Assessor, although he may file a writ of review with the court, consistent with *Bottolfsen I.*

III. Is the Assessor bound by the Tax Commission's decision, under *res judicata* principles, if the Assessor was not a party to the proceeding where the classification was adjudicated?

▇▇ The district court ruled that the Assessor's failure to appeal was *res judicata,* barring relitigation of the classification issue. The Assessor argues that the district court's ruling was in error.

▇▇ Upon review, determining whether *res judicata* bars relitigation of the issue is a question of law, over which the Court exercises free review. *Lohman v. Flynn,* 139 Idaho 312, 319, 78 P.3d 379, 386 (2003). Five factors will be considered for review:

(1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case;

(2) the issue decided in the prior litigation was identical to the issue presented in the present action;

(3) the issue sought to be precluded was actually decided in the prior litigation;

(4) there was a final judgment on the merits in the prior litigation; and

(5) the party against whom the issue is asserted was a party or in privity with a party to the prior litigation.

*Id. Res judicata* prohibits the "relitigation of any claims relating to the same cause of action which were actually made or which might have been made." *Id.* at 320, 78 P.3d at 387.

The theory of *res judicata* does not apply in this case as factors 2, 3, and 4 are not present. Prior to appeal, the Tax Commission simply makes a decision about whether or not the property is operating property. There is no formal hearing on the issue and thus factors 2, 3, and 4 are not present. *Res judicata* does not apply under the traditional test.

IV. Should Union Pacific be awarded attorney fees and costs on appeal?

▇▇ Union Pacific argues that it is entitled to attorney fees because the issue presented has been decided by an application of settled law to undisputed facts. Union Pacific asserts that since 1939, as decided by the *Bottolfsen* case, the Tax Commission has had the authority to determine the classification of property as "operating property" and by that action, the remainder of the property was automatically classified as "non-operating." Union Pacific request attorney fees pursuant to I.C. §§ 12–117 and 12–121 and Rule 41.

Idaho Code Section 12–117 provides:

In an administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court shall award the person reasonable attorney's fees, witness fees and reasonable expenses, if the court finds in favor of the person and also finds that the state agency, city, the county or the taxing district acted without a reasonable basis in fact or law.

In *Bottolfsen I,* we did not hold that a writ of review was the exclusive procedure for challenging the determination of classification of property. Today is the first time we addressed the exclusiveness of that remedy. For the following reasons, however, we agree that the Assessor "acted without a reasonable basis in fact or law" as required for an award of attorney fees under Idaho Code § 12–117.

In November 2000, the Assessor issued 62 assessment notices for properties owned by Union Pacific. Each of the assessments was entered on the subsequent property roll. Property that can be included on the subsequent property roll is "all personal property and all improvements to real property ... which have been completed or discovered between the fourth Monday of June and the fourth Monday of November." I.C. § 63–311(1). Eighteen of the assessments were for land, which is clearly not personal property or improvements to real property. The remaining 44 assessments were for land and buildings. The land included within those assessments was clearly not personal property or improvements to real property. With respect to the buildings, they could be included on the subsequent property roll only if they were "improvements to real property ... which have been completed or discovered between the fourth Monday of June and the fourth Monday of November." The total value of the land included in the assessments was $5,027,240, and the total value of the buildings was $640,010.

Union Pacific argued to the district court that the Assessor was not authorized to reassess the properties by including them in the subsequent property roll. The district court did not address the issue because it based its opinion on other grounds. Union Pacific argued on appeal that the judgment of the district court could be upheld on the alternate basis that the land and buildings at issue here could not properly be included on the subsequent property roll. The Assessor did not respond to this issue. Considering that land, which cannot be included in the subsequent assessment roll, constituted 88.7% of the total value of property included in the assessment and that the Assessor does not even argue that the buildings were properly included in the subsequent assessment roll, the Assessor "acted without a reasonable basis in fact or law" when he issued the assessments.

Article VII, Section 5 of the Idaho State Constitution prohibits double taxation. The Assessor violated Union Pacific's constitutional right against double taxation when he assessed the same property for the 2000 tax year that the Tax Commission had already assessed. Had the Assessor not known of the Tax Commission's prior determination, then it may have been proper for the property to be included on the subsequent tax roll pursuant to I.C. § 63–301. That not being the case, it was improper for the Assessor to include the property on the subsequent tax roll.

We award attorney fees because the Assessor "acted without a reasonable basis in fact or law" as required for an award of attorney fees under Idaho Code § 12–117.

## CONCLUSION

We affirm the district court's grant of summary judgment in favor of Union Pacific. We hold that the Tax Commission has the exclusive authority to classify property as either operating or non-operating, based upon the *Bottolfsen I,* and without statutory change the sole remedy available to the Assessor to contest the property classification is a writ of review to the court. *Res judicata* does not apply in this case. We hold that the Assessor's classification of Union Pacific's property was prohibited by the Constitution in that the Assessor's action knowingly imposed a double tax on the same property for the same year. Idaho Code § 63–311 is inapplicable to this fact situation. We award attorney fees and costs on appeal to Union Pacific, pursuant to I.C. § 12–117.

Chief Justice TROUT and Justices SCHROEDER, KIDWELL and EISMANN concur.