108 P.3d 324

**In the Matter of the ESTATE OF DOLORES Arlene Elliott, Deceased.**

**State of Idaho, Department of Health and Welfare, Plaintiff–Appellant– Cross Respondent,**

v.

**The Estate of Dolores Arlene Elliott, Defendant–Respondent–Cross Appellant.**

No. 30441.

Supreme Court of Idaho, Boise, January 2005 Term.

Feb. 8, 2005.

Hon. Lawrence G. Wasden, Attorney General, Boise, for plaintiff-appellant-cross respondent. W. Corey Cartwright argued.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for defendant-respondent-cross appellant. Stanley J. Tharp argued.

SCHROEDER, Chief Justice.

The State of Idaho Department of Health and Welfare (Department) maintains that it is entitled to establish a claim against the estate of Dolores Arlene Elliott (Elliott) pursuant to Idaho Code § 56–218 (2002). The district court affirmed a decision by the magistrate court that the Department had no cause of action under I.C. § 56–218. The Department appeals.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Elliott was born on February 21, 1937. She purchased a house in 1962 while married to Ken Berry. Elliott and Berry divorced in 1971 and Elliott was awarded the house in the divorce decree as her separate property. Elliott remarried several years later and subsequently divorced. The house was again awarded to Elliott as her separate property. Elliott married Leon Weatherwax (Weatherwax) on August 20, 1982.

Weatherwax had a stroke in 1984. He was placed in a Veterans Administration hospital but eventually returned home. On May 14, 1984, Elliott conveyed her separate property house to herself and Weatherwax as husband and wife. On July 15, 1986, Weatherwax signed a general power of attorney appointing Elliott as his attorney-in-fact. In June of 2000, Weatherwax had another stroke and was permanently placed in a nursing home. In August of that year, Weatherwax applied for and was awarded Medicaid benefits. On January 23, 2002, Elliott executed a quitclaim deed conveying the house to herself as her separate property. Elliott signed the deed on behalf of herself, and as "Dolores Elliott POA Leon Weatherwax." In addition, there was an "X" on the deed which may have been written by Weatherwax himself.

Elliott died intestate on September 20, 2002. At the time of her death Elliott's separate property assets consisted of a Certificate of Deposit, held in her name and in the name of her daughter, and the house. Elliott's daughter, Traci Sanderson, was appointed personal representative of her estate on October 20. The house was sold on December 17, 2002, generating net proceeds of $69,927.80.

About February 11, 2003, the Department filed a Claim Against Estate and a Demand for Notice. As of February 21, 2003, the Department had paid more than $130,000.00 for Weatherwax's nursing home care. About March 27, the personal representative filed a Notice of Disallowance of Claim. The Department responded by filing a Petition for Allowance of Claim. The personal representative moved for judgment on the pleadings. The Department filed an amended claim against the estate on May 8.

In its amended claim the Department recognized that its original claim was in error in that Elliott was survived by Weatherwax. The Department presumed that Weatherwax had predeceased Elliott and that it was therefore entitled to recoup the benefits it had paid to Weatherwax from Elliott's estate pursuant to Idaho Code § 56–218. Once the Department determined that Elliott was sur-

180

vived by Weatherwax, the amended claim sought to establish the Department's claim for repayment of benefits paid to Weatherwax and to ensure that the assets of Elliott's estate were distributed in accordance with law. On May 22, 2003, the Department filed a petition to set aside transfer, challenging the validity of the quitclaim deed conveying the house to Elliott as her separate property.

The magistrate court granted the estate's motion for judgment on the pleadings, finding that the Department had no cause of action against the estate under I.C. § 56–218. The Department appealed to the district court. The district court affirmed the magistrate court's decision. The district court determined that the Department had no cause of action under either I.C. § 56–218 or I.C. § 15–1–201(24) to file any claim in the probate of Elliott's estate.

The Department appealed to the Idaho Supreme Court seeking reversal of the district court's decision. The personal representative cross-appealed challenging the district court's refusal to award her attorney fees in the appeal from the magistrate court to the district court.

## II.

## THE PROPRIETY OF THE MOTION FOR JUDGMENT ON THE PLEADINGS TO DETERMINE THE ISSUE BEFORE THE MAGISTRATE COURT

The Department challenges the use of a motion for judgment on the pleadings to determine the issue presented to the magistrate court.

### A. Standard of Review

■ The determination of whether a Motion for Judgment on the Pleadings is a proper action in a probate proceeding is a question of law. This Court exercises free review. *Elec. Wholesale Supply Co., Inc. v. Nielson,* 136 Idaho 814, 820, 41 P.3d 242, 248 (2001).

### B. The Motion for Judgment on the Pleadings was a proper action in a probate proceeding.

■ Idaho Rule of Civil Procedure, Rule 12(c) defines a Motion for Judgment on the Pleadings. The rule states that:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Idaho Rule of Civil Procedure, Rule 1(a) states that, "[t]hese rules govern the procedure and apply uniformly in the district courts and the magistrate's divisions of the district court in the state of Idaho in all actions, proceedings and appeals of a civil nature whether cognizable as cases at law or in equity, *including probate proceedings* ....*"* I.R.C.P. 1(a)(2004) (emphasis added). The Department argues that a motion for judgment on the pleadings is not a proper action in a probate proceeding because there are no "pleadings" filed in probate. The Department's argument is based in large part on a reading of Idaho Rule of Civil Procedure, Rule. 7, subsection (a), entitled "Pleadings Allowed Form of Motions Pleadings," which states that:

There shall be a complaint and an answer; and there shall be a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under Rule 14 and there shall be a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

The Department argues that because a "Demand for Notice" and "Claim Against Estate" are not specifically identified as pleadings under I.R.C.P. 7(a), a motion for

judgment on the pleadings was not a proper vehicle for the magistrate court to rule on the Department's filings in the probate of Elliott's estate.

The Department also relies upon the probate code in support of its argument that a motion for judgment on the pleadings is improper in a probate proceeding. Idaho Code § 15-3-104 states that, "[a]fter the appointment [of the personal representative] and until distribution, all proceedings and actions to enforce a claim against the estate are governed by the procedure prescribed by this chapter." I.C. § 15-3-104(2001). The Department argues that this statute indicates that because a motion for judgment on the pleadings is not mentioned in the probate code as a method for determining parties' interests in an estate it is not a proper action in a probate proceeding.

I.R.C.P. 1(a) specifically states that the Idaho Rules of Civil Procedure apply to probate proceedings. A "Demand for Notice" and "Claim Against Estate" are the titles given to documents that are filed in a probate to establish a person's rights under different provisions of the probate code. *See* Idaho Code § 15-3-204 (2001); Idaho Code § 15-3-804(2004). These documents were filed by the Department in an attempt to give it certain rights in the probate of Elliott's estate. Though not denominated "pleadings" in the Rules of Civil Procedure, they were intended to secure rights, and regardless of the title given a motion, there is a right to challenge the Department's claim.

I.R.C.P. 1(a) states that, "[t]hese rules shall be liberally construed to secure the just, speedy and inexpensive determination of every action and proceeding." Consistent with this philosophy, the magistrate judge had the authority to rule on the motion, whether treated as a motion to dismiss for failure to state a claim or a motion for summary judgment. Idaho Code § 15-1-102(a) in the probate code states that, "[t]his code shall be liberally construed and applied to promote its underlying purposes and policies." Subsection (b) states that, "[t]he underlying purposes and policies of this code are: (1) to simplify and clarify the law concerning the affairs of decedents ...; (3) to promote a speedy and efficient system for liquidating the estate of the decedent and making distribution to his successors...." I.C. § 15-1-102(b). The motion in this case raised the threshold issue of whether the Department had the right to make a claim in the estate pursuant to I.C. § 56-218. Resolution of that issue involves a question of law. Delay in deciding the issue based upon the title in the caption of the motion would promote no interest of the estate or the Department.

## III.

## THE DEPARTMENT HAS NO RIGHT TO MAKE A CLAIM IN THE ESTATE PURSUANT TO I.C. § 56-218

### A. Standard of Review

■ "This Court reviews the decisions of the magistrate division independently, with due regard for the decision of the district court acting in its appellate capacity." *State, Dept. of Health & Welfare v. Housel,* 140 Idaho 96, 100, 90 P.3d 321, 325 (2004). This Court reviews judgments on the pleadings in the same manner as it reviews a summary judgment. *Bowles v. Pro Indiviso, Inc.,* 132 Idaho 371, 374, 973 P.2d 142, 145 (1999). In reviewing a summary judgment, this Court employs the same review used by the trial court in ruling on the motion. *Union Pacific Land Resources Corp. v. Shoshone County Assessor,* 140 Idaho 528, 531, 96 P.3d 629, 632 (2004). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). Interpretation of a statute is an issue of law over which this Court exercises free review. *Gillihan v. Gump,* 140 Idaho 264, 266, 92 P.3d 514, 516 (2004)(citing *Idaho Fair Share v. Idaho Public Utilities Comm'n,* 113 Idaho 959, 961-62, 751 P.2d 107, 109-10 (1988), *overruled on other grounds by J.R. Simplot Co. v. Idaho State Tax Comm'n,* 120 Idaho 849, 820 P.2d 1206 (1991)).

### B. The Department has no right to participate in the probate of Elliott's estate under I.C. § 56-218.

■ Idaho Code as it existed for purposes of this action provided the following:

Except where exempted or waived in accordance with federal law medical assistance pursuant to this chapter paid on behalf of an individual who was fifty-five (55) years of age or older when the individual received such assistance may be recovered from the individual's estate, and the estate of the surviving spouse, if any, for such aid paid to either or both; provided, however, that claim for such medical assistance correctly paid to the individual may be established against the estate, but there shall be no adjustment or recovery thereof until after the death of the surviving spouse, if any, and only at a time when the individual has no surviving child who is under twenty-one (21) years of age or is blind or permanently and totally disabled as defined in 42 U.S.C. 1382c. Transfers of real or personal property, on or after the look-back dates defined in 42 U.S.C. 1396p, by recipients of such aid, or their spouses, without adequate consideration are voidable and may be set aside by an action in the district court.[1]

At the threshold it is necessary to define the scope of the decision made by the magistrate court. The decision is limited as set forth in the memorandum decision and order:

"As stated above, the decedent never received Medicaid benefits. Only her surviving spouse does. The statute authorizes the state to recover benefits paid to the Medicaid recipient from the estate of the surviving spouse. Normally the recipient predeceases the stay at home spouse. In this case that did not happen. Therefore, I.C. § 56–218 does not apply to the facts in this case. The state's only recourse is to seek reimbursement from the estate of Mr. Weatherwax when he passes away. I.C. § 56–218 does not authorize collection from Ms. Elliott's estate since she is not the surviving spouse of a Medicaid recipient. The state has no cause of action under this code section."

This is the order that was appealed and which defines the scope of the appeal. No other issues were determined by the magistrate court in its order. The Department has both acknowledged it cannot make a claim in Ms. Elliott's estate pursuant to § 56–218 but has also argued that it can.

Other issues may exist to be resolved in other proceedings. For example, the Department petitioned to set aside transfer of the real property, challenging the adequacy of consideration supporting the transfer of the house to Elliott as her separate property. The magistrate judge noted that the Department may have a claim in district court under the last sentence of I.C. § 56–218(1) that allows the Department to set aside transfers of real or personal property that lack adequate consideration. Nothing in the magistrate court ruling precludes such an action in district court.

■ The Department argues that regardless of whether it has rights to participate in the probate of Elliott's estate under I.C. § 56–218(1), it is nonetheless an "interested person" in the estate pursuant to I.C. § 15–1–201(24) by virtue of the fact that its interests may be affected by the distribution of the estate's assets.

"Interested person" is defined as including:

[H]eirs, devisees, children, spouses, creditors, beneficiaries and any others having a property right in or claim against a trust estate or the estate of a decedent, ward or

---

1. I.C. § 56–218 was amended in 2004 to clearly grant the Department the right to establish a claim against the estate of a predeceasing spouse of a Medicaid recipient. The pertinent language of the amended statute provides that:

"Except where exempted or waived in accordance with federal law medical assistance pursuant to this chapter paid on behalf of an individual who was fifty-five (55) years of age or older when the individual received such assistance may be recovered from the individual's estate, *and the estate of the spouse*, if any, for such aid paid to either or both; provided, however, that claim for such medical assistance correctly paid to the individual *may be established against the estate of either spouse*, but there shall be no adjustment or recovery thereof until after the death of the spouse, if any ...." (underlining indicates amended portion).

Thus, the amended statute removes the term "surviving" and allows the Department to establish its claim against the estate of the recipient or non-recipient spouse, regardless of who dies first. These amendments became effective July 1, 2004.

protected person which may be affected by the proceeding.... The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding.

I.C. § 15-1-201(24) (2004).

The magistrate court's order does not address the question of whether the Department is an interested person within the meaning of I.C. § 15-1-201(24) for purposes of notice in order to trace property in which it may have some future rights. That issue is not properly before this Court on appeal.

A question of concern to this Court is whether anybody, the state or the personal representative, is protecting the rights of Weatherwax. The record does not disclose whether he is competent to do so himself. That question too falls outside the scope of this appeal.

The short answer to the question actually before this Court is that the magistrate court was correct. The Department has no right to make a claim against the estate pursuant to I.C. § 56-218(1) as it existed for purposes of this proceeding.

## IV.

### THE ESTATE IS NOT ESTOPPED FROM CHALLENGING THE DEPARTMENT'S PARTICIPATION IN THE PROBATE PROCEEDINGS

 The Department claims that the doctrine of quasi-estoppel precludes the estate from denying the Department's right to make a claim in the estate. The doctrine of quasi-estoppel "precludes a party from asserting to another's disadvantage a right inconsistent with a position previously taken by him or her." *Garner v. Bartschi*, 139 Idaho 430, 437, 80 P.3d 1031, 1038 (2003) (quoting *E. Idaho Agric. Credit Ass'n v. Neibaur*, 133 Idaho 402, 410, 987 P.2d 314, 322 (1999)). Quasi-estoppel "applies where it would be unconscionable to allow a person to maintain a position inconsistent with one in which he acquiesced or of which he accepted a benefit." *Id.* Quasi-estoppel has also been described as a doctrine that "prevents a party from reaping an unconscionable advantage, or from imposing an unconscionable disadvantage upon another, by changing positions." *Id.* (citing *Lunders v. Estate of Snyder*, 131 Idaho 689, 695, 963 P.2d 372, 378 (1998)). An element of unconscionability must be present in order for the doctrine of quasi-estoppel to apply to prevent a person from changing his or her position.

Elliott may have indirectly benefited by Weatherwax's qualification for Medicaid benefits in that she was not forced to devote all of her assets to payment for his care. However, Weatherwax qualified for Medicaid assistance pursuant to the Medicaid laws. The Medicaid law allowed Elliott to retain certain assets for her own support. She did not take an "inconsistent position" by retaining the assets the Medicaid laws allowed her to retain. It is not unconscionable for Elliott to have indirectly benefited from her husband's receipt of Medicaid benefits where the law specifically allowed him to receive those benefits. The Department is not unconscionably disadvantaged in a situation brought about by its payment of Medicaid benefits to Weatherwax who happened to be married to Elliott at the time he received some of the benefits.

## V.

### THE ESTATE IS ENTITLED TO ATTORNEY FEES ON APPEAL TO THE DISTRICT COURT AND TO THIS COURT PURSUANT TO IDAHO CODE § 12-117

#### A. Standard of Review

This Court exercises free review over a lower court's decision on an attorney fees claim under I.C. § 12-117. *Rincover v. State, Dep't of Fin., Secs. Bureau*, 132 Idaho 547, 549, 976 P.2d 473, 475 (1999).

#### B. The personal representative is entitled to her attorney fees incurred in the appeal to the district court and in the appeal to the Supreme Court.

 Idaho Code § 12-117(1) states that:

[I]n any administrative or civil judicial proceeding involving as adverse parties a

state agency, a city, a county or other taxing district and a person, the court shall award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

I.C. § 12–117(1)(2004). This Court has held that the purpose of this statute is "two-fold: '(1) to serve as a deterrent to groundless or arbitrary agency action; and (2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against groundless charges or attempting to correct mistakes agencies never should ha[ve] made.'" *Rincover v. State, Dep't of Fin., Secs. Bureau,* 132 Idaho 547, 549, 976 P.2d 473, 475 (1999) (quoting *Bogner v. State Dep't of Revenue & Taxation,* 107 Idaho 854, 859, 693 P.2d 1056, 1061 (1984)). If the Court determines that a party acted without a reasonable basis in fact or law, an award of attorney fees under I.C. § 12–117 is mandatory. *Id.*

In ruling from the bench on the personal representative's request for attorney fees, the district court noted that, "[s]o although I ruled in the [personal representative's] favor and although I found that the State action was without basis in law, as did Judge Dutcher, I do not find that the action was so unreasonable or crossed that broad canyon that I think is required in 12–117." The district court found that the Department's actions were without a basis in law but were not unreasonable. This determination is inconsistent considering the circumstances of this case. The Department presented a flawed interpretation of I.C. § 56–218, an unambiguous statute, that both the magistrate and the district court judges rejected, as does this Court.

In *Rincover,* this Court determined that the prevailing party was not entitled to attorney fees under I.C. § 12–117 against the Department of Finance. *Id.* at 550, 976 P.2d at 476. This Court noted that the Department of Finance, in wrongly denying the party's application for registration to sell securities, relied upon statutory provisions that had not been previously construed by the

court. *Id.* The Court explained that, "[w]hile the district court below disagreed with the Department's interpretation and application of [the statutes] to the facts presented by [the applicant's] case, it does not appear that the Department's action was unreasonable under the circumstances." *Id.* This determination was based on the Court's finding that the Department did not act "without or contrary to statutory authority." *Id.*

This case is distinguishable from *Rincover,* where the Court determined that the Department of Finance's actions were not "without or contrary to statutory authority." The Department presented an erroneous interpretation of an unambiguous statute, I.C. § 56–218. The Department acted without statutory authority in presenting its appeals to the district court and this Court. Additionally, the Department submitted issues beyond the scope of the order from which this appeal arose. The Department's actions in this case were unreasonable and without a basis in law. I.C. § 12–117 required the district court to award attorney fees where the Department's actions were brought without a basis in law. The district court correctly perceived the law but failed to properly apply I.C. § 12–117. The personal representative is entitled to her fees incurred in the appeal to the district court and in the appeal to this Court pursuant to I.C. § 12–117.

## VI.

### CONCLUSION

The decision of the magistrate court which was affirmed by the district court is affirmed. Elliot's estate is awarded costs on appeal and attorney fees for the appeal to the district court and this Court. The case is remanded to the magistrate court for the determination of attorney fees in the magistrate court, the district court and the appeal to this Court.

Justices BURDICK and JONES and Pro Tem Justice WALTERS concur.

Justice EISMANN, Concurring.

I fully concur in the majority opinion, but write only to add the following comment regarding the awarding of attorney fees to

the estate. During oral argument, counsel for the Department admitted, "When it comes to that order from Judge Dutcher, what was odd about that order is we completely agreed with everything it said." Thus, the Department has appealed an order with which it completely agrees in an attempt to raise issues upon which the trial court did not rule.