111 P.3d 121

In the Matter of the **ESTATE OF Joe KAMINSKY, Deceased.**

**State of Idaho, Petitioner–Appellant,**

v.

**Estate of Joe Kaminsky, Respondent.**

No. 30314.

Supreme Court of Idaho,
Boise, February 2005 Term.

March 30, 2005.

Hon. Lawrence G. Wasden, Attorney General, Boise, for appellant. W. Corey Cartwright argued.

Loren J. Eddy, Lewiston, for respondent.

JONES, Justice.

The Idaho Department of Health and Welfare (Department) filed a petition to "establish" a claim in the Estate of Joe Kaminsky (Estate) for recovery of Medicaid benefits, pursuant to I.C. § 56–218. The magistrate judge denied the Department's petition for untimeliness. The Department appealed and the district judge affirmed the denial of the petition. The Department timely appealed to this Court. We affirm.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1997, Joe Kaminsky (Decedent) was eighty-one years of age and in need of nursing home care. Decedent applied and was approved for Medicaid assistance and began receiving Medicaid on December 1, 1997. Decedent died on June 19, 2000, at the age of eighty-four. During the period of December 1997 through June 2000, Decedent received $54,067.59 in Medicaid assistance. At the time of his death, Decedent was survived by his wife, Clara, and his three adult children.

On March 5, 2003, approximately two years and eight months after Decedent's death, his Last Will and Testament was informally admitted to probate. The Will, executed January 13, 1998, directed that Decedent's entire estate be distributed to his three children. Prior to the probate filing, the Department had written to an attorney for the Kaminskys, stating a claim against the Estate in the amount of $54,766.79 for recovery of the Medicaid assistance received by Decedent. The letter, dated January 23, 2003, then stated that no demand for payment would be made as long as Clara Kaminsky survived but that, upon Clara's death, demand for payment would be made upon her estate. On March 11, 2003, the Kaminskys' attorney responded to the Department's letter, stating that the Department's claim against Decedent's Estate was disallowed because it was not presented within two years of his death.

On April 3, 2003, the Department filed a Petition for Allowance of Claim (Petition) in the Decedent's probate. The Estate objected to the Petition and a hearing on the matter was held on April 24, 2003. The magistrate denied the Petition as untimely under I.C. § 15–3–803(a)(1). The Department appealed to district court. The district court affirmed the magistrate's denial of the Petition. The Department appealed to this Court, seeking a ruling that it was not barred from "establishing" its claim against the Estate. The Estate seeks attorney fees on appeal for what it characterizes as a baseless claim.

## II.

### ANALYSIS

A. **Two Of The Issues Asserted By The Department Are Not Properly Before This Court.**

In its brief the Department asserts the following issues:

A. Whether The Department Is Required To Open A Probate Proceeding And Make A Claim Against A Decedent's Estate Even Though No Recovery Is Possible From That Estate?

B. Whether The Court Erred In Holding That The Department Cannot "Establish Its Claim" In The Estate Of The Spouse Of A Medicaid Recipient Unless It Has Filed A Timely Claim Against The Estate Of The Spouse, Even Though No Recovery Is Possible From That Estate?

C. Whether The Department May Be An "Interested Person" Entitled To Participate In Proceedings In The Estate Of A Medicaid Recipient To Preserve The Department's Rights To Later Make A Recovery From The Estate Of The Surviving Spouse?

■ Two of the issues presented by the Department in its opening brief are not before this Court. The magistrate did not rule on the question of whether the Department had to open a probate proceeding to make a claim. On appeal, the district judge did sympathetically suggest that the Department could have filed a probate so that there would be a legal proceeding in which its claim could have been presented in a timely manner. However, offering the Department a suggestion as to how it might handle future cases does not give rise to an appealable issue. Neither did the magistrate rule on the question of whether the Department was an "interested person." As a matter of fact, the Department did not assert such a ground in its appeal to the district court. This latter issue was not ruled upon below and does not belong before this Court. The only issue is whether the Department's Petition was properly denied for untimeliness.

### B. The Department's Petition Was Untimely.

The magistrate made the ruling that is the subject of this appeal based on the pleadings before the court, i.e., the Department's Petition and the Estate's Answer and Objection to State of Idaho's Petition. Although not characterized as a judgment on the pleadings, the magistrate's order denying the Petition was just that. We recently stated the standard of review in such a case as follows:

> "This Court reviews the decisions of the magistrate division independently, with due regard for the decision of the district court acting in its appellate capacity." *State, Dept. of Health & Welfare v. Housel*, 140 Idaho 96, 100, 90 P.3d 321, 325 (2004). This Court reviews judgments on the pleadings in the same manner as it reviews a summary judgment. *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 374, 973 P.2d 142, 145 (1999). In reviewing a summary judg-

ment, this Court employs the same review used by the trial court in ruling on the motion. *Union Pacific Land Resources Corp. v. Shoshone County Assessor*, 140 Idaho 528, 531, 96 P.3d 629, 632 (2004). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(c). Interpretation of a statute is an issue of law over which this Court exercises free review. *Gillihan v. Gump*, 140 Idaho 264, 266, 92 P.3d 514, 516 (2004) (citing *Idaho Fair Share v. Idaho Public Utilities Comm'n*, 113 Idaho 959, 961–62, 751 P.2d 107, 109–10 (1988), *overruled on other grounds by J.R. Simplot Co. v. Idaho State Tax Comm'n*, 120 Idaho 849, 820 P.2d 1206 (1991)).

*State, Dept. of Health and Welfare v. The Estate of Dolores Arlene Elliott*, 141 Idaho 177, 181, 108 P.3d 324, 328 (2005).

■ The Petition asserted a claim against the Estate. Idaho Code § 15–3–803 sets out the limitations provisions for presentation of claims against the estate of a decedent. At times relevant to this action, the latest time in which a claim could be presented against the estate of a decedent was two years from the date of death. The Petition was presented more than two years after the Decedent's death and was denied as untimely. The magistrate properly so held.

The Department argues, however, that section 15–3–803 does not apply because the Petition did not constitute a "claim." According to the Department, the Petition merely asserted a "right" on the part of the state to recover Medicaid benefits paid for the benefit of the Decedent. The Department states that this right arose under I.C. § 56–218(1), which provides, in pertinent part:

> Except where exempted or waived in accordance with federal law medical assistance pursuant to this chapter paid on behalf of an individual who was fifty-five (55) years of age or older when the individual received such assistance may be recovered from the individual's estate, and the estate of the surviving spouse, if any, for such aid paid to either or both; provided,

however, that claim for such medical assistance correctly paid to the individual may be established against the estate, but there shall be no adjustment or recovery thereof until after the death of the surviving spouse, if any ...

The Department argues that a "claim" against the Estate does not arise until the death of Clara, the surviving spouse, since there is no right of recovery so long as the surviving spouse is alive.

There is simply no basis for such an argument. Medicaid is a public assistance program designed to provide medical care and services to persons with insignificant financial resources. The provisions of Idaho's Public Assistance Law (Chapter 2, Title 56, Idaho Code) and its implementing regulations provide eligibility requirements. Only persons with few financial resources qualify for assistance and assistance comes with strings attached. Included in these strings is a right on the part of the State, pursuant to I.C. § 56–218, to obtain reimbursement of Medicaid assistance from the estate of a recipient. Under any reasonable definition, this right of recovery constitutes a "claim" against the recipient's estate. I.C. § 15–1–201(5) defines "claims" in respect to estates of decedents as including liabilities of a decedent "whether arising in contract, in tort or otherwise ..." The limitations provision of the Probate Code, I.C. § 15–3–803, pertains to all claims "including claims of the state and any subdivision thereof (except claims for state taxes) ..." I.C. § 56–218(5) specifically provides that claims made under section 56–218 are to be classified and paid in accordance with a provision of the Probate Code, I.C. § 15–3–805. A 1998 legislative enactment relating to Medicaid recovery specifically dealt with and amended both I.C. § 56–218 and I.C. § 15–3–801, the provision of the Probate Code pertaining to the giving of notice to creditors to present their claims against a decedent's estate. Ch. 9, 1998 Idaho Sess. Laws 106. There can be no doubt but what the Legislature intended that the Department's right of recovery under I.C. § 56–218 was to be treated as a creditor's claim against a recipient estate.

The Department next argues that it was not "making" a claim but merely trying to "establish" one. The Department cites language in I.C. § 56–218(1) indicating that a claim for medical assistance it has paid "may be established against the estate," provided no recovery occurs until after the death of a surviving spouse. Thus, where there is not an immediate right to recover, there is an option to establish a claim. Having the claim "established" simply means a determination of the validity and the amount of the claim. There are reasons why the Department may want to have a particular claim established, even though it may not be entitled to recovery on the claim at the time it is established. Nevertheless, it is still a claim and, whether the claim is being "made" or "established" it must still be presented within the time limits provided for in I.C. § 15–3–803. The Department did not present its claim within the two-year period following Decedent's death, the earlier of the two deadlines set forth in I.C. § 15–3–803(a)(1), and, as a result, the claim is untimely and may not be established.

### C. Attorney Fees Are Assessed Against The Department Under Idaho Code § 12–117.

█ Idaho Code § 12–117, which governs the award of attorney fees in proceedings between persons and state agencies, provides:

Unless otherwise provided by statute, in any administrative or civil judicial proceeding involving as adverse parties a state agency, a city, a county or other taxing district and a person, the court *shall* award the prevailing party reasonable attorney's fees, witness fees and reasonable expenses, if the court finds that the party against whom the judgment is rendered acted without a reasonable basis in fact or law.

(Emphasis added). Idaho Code § 12–117 is not a discretionary statute. It provides that the court *shall* award attorney fees upon a finding that the state agency did not act with a reasonable basis in fact or law. *Idaho Dept. of Law Enforcement v. Kluss,* 125 Idaho 682, 685, 873 P.2d 1336, 1339 (1994). The policy behind I.C. § 12–117 is: "1) to serve as a deterrent to groundless or arbitrary agency action; and 2) to provide a remedy for persons who have borne unfair and unjustified financial burdens defending against

groundless charges or attempting to correct mistakes agencies never should ha[ve] made." *Id.,* (quoting *Bogner v. State Dep't of Revenue & Taxation,* 107 Idaho 854, 859, 693 P.2d 1056, 1061 (1984)).

Here, the Department's action invokes both purposes of the statutory policy. The action was groundless because the Department clearly waited too long to present its claim. It was not even required to do so. It is appropriate to discourage such action. Further, the Department's action placed an unjustified financial burden on the Estate. Thus, we award attorney fees on appeal to the Estate pursuant to I.C. § 12–117.

### III.

### CONCLUSION

This Court affirms the order of the magistrate judge, denying the Petition, and awards costs and attorney fees on appeal to the Estate.

Chief Justice SCHROEDER, and Justices TROUT, EISMANN and BURDICK concur.